# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. JOSEPH SEIKEL and TERENCE SEIKEL,**<br><br>    Plaintiffs-Relators,<br><br>v.<br><br>**DAVID B. ALVAREZ, APPLIED CONSTRUCTION SOLUTIONS, INC., ENERGY TRANSPORTATION LLC, ENERGY RESOURCE GROUP, LLC, ET360, LLC, BEAR CONTRACTING, LLC, BEAR UTILITIES, LLC, JASON P. HENDERSON, and JOHN DOES NOS., 1-50, FICTITIOUS NAMES,**<br><br>    Defendants. | **Civ. Action No. 1:23-cv-01** |

## [PROPOSED] PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follow**s:**

**I.    DISCOVERY PHASE**

A.    If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as **"CONFIDENTIAL."** The individual or entity designating the document or

1

materials as **"CONFIDENTIAL"** must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber or delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as **"CONFIDENTIAL,"** the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked **"CONFIDENTIAL".**

B.   If a party or an attorney for a party disputes whether a document or other material should be marked **"CONFIDENTIAL,"** the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity. If they are unsuccessful, the party or attorney challenging the **"CONFIDENTIAL"** designation shall do so by filing an appropriate motion.

C.   No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked **"CONFIDENTIAL,"** or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D.   Any document or other material which is marked **"CONFIDENTIAL,"** or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked

**"CONFIDENTIAL,"** or the contents thereof, at any deposition taken in this action.

   E.  If a party or attorney wishes to disclose any document or other material which is marked **"CONFIDENTIAL,"** or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

    1. Provide a copy of this Protective Order to the person to whom disclosure is made;

    2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

    3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

    4. Instruct the person to whom disclosure is made to return any document or other material which is marked **"CONFIDENTIAL,"** at the conclusion of the case, including notes or memoranda made from **"CONFIDENTIAL"** material; and

    5. Maintain a list of persons to whom disclosure was made and the **"CONFIDENTIAL"** materials which were disclosed to that person.

**II. POST-DISCOVERY PHASE**

   A.  If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any **"CONFIDENTIAL"** document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the **"CONFIDENTIAL"** marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public

record in accordance with Local Rule of Civil Procedure 26.05 and the Administrative Procedures for Electronic Filing in the Northern District of West Virginia § 17.

   B. Within thirty days after the conclusion of the action, each party shall gather the **"CONFIDENTIAL"** materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of a receiving party or the party's expert witness or consultant, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an expert or consultant, which includes information produced as **"CONFIDENTIAL,"** so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents. Any such work product retained by an attorney shall continue to be **"CONFIDENTIAL"** and shall be subject to this protective order. The attorney may use his or her work product in other litigation provided that the attorney does not use or disclose the confidential documents.

   C. The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED** this _____ day of _____, 2023.

                  _____
                  Honorable Thomas S. Kleeh,

                                        Chief Judge, United States District Court

*Prepared and submitted by:*              *Inspected and Agreed to by:*

/s/ Anthony J. Majestro                    /s/ Patricia M. Kipnis
Anthony J. Majestro, Esq. (WVSB #5165)    Patricia M. Kipnis (WVSB # 12896)
Powell & Majestro, PLLC                 Bailey & Glasser LLP
405 Capitol Street, Suite P-1200           923 Haddonfield Road
Charleston, WV 25301                   Suite 300
304-346-2889 / 304-346-2895 (f)          Cherry Hill, NJ 08002
amajestro@powellmajestro.com           Telephone:  215.274.9420
                                                Facsimile:  202.463.2103
William G. Powers (*pro hac vice*)           pkipnis@baileyglasser.com
Andrew M. Miller (*pro hac vice*)
Baron & Budd, P.C.                      Marc R. Weintraub (WVSB # 8055)
The Watergate                          Bailey & Glasser LLP
600 New Hampshire Ave., NW, 10th Floor   360 Central Avenue, Suite 1450
Washington, DC  20037                 St. Petersburg, FL  33701
Telephone:  202.333.4562               Telephone:  727.894.6745
Facsimile:  202.337.1039                Facsimile:   727.894.2649
wpowers@baronbudd.com               mweintraub@baileyglasser.com
amiller@baronbudd.com

                                                Alex L. Serber *(pro hac vice)*
*Counsel For Plaintiff-Relator*                 Bailey & Glasser LLP
                                                1055 Thomas Jefferson St., NW
                                                Suite 540
                                                Washington, DC 20007
                                                Telephone:  202.333.0740
                                                Facsimile:  202.463.2103
                                                aserber@baileyglasser.com

                                                *Counsel for David Alvarez, et al.*

                                                /s/ Shawn Angus Morgan
                                                Shawn A. Morgan (WV ID #6640)
                                                Steptoe & Johnson PLLC
                                                40 White Oaks Boulevard
                                                Bridgeport, WV  26330
                                                Telephone:  304.933.8000
                                                shawn.morgan@steptoe-johnson.com

                                                *Counsel for Jason Henderson, et al.*