# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. JOSEPH SEIKEL and TERENCE SEIKEL,**<br><br>        **Plaintiffs-Relators,**<br><br>    v.<br><br>**DAVID B. ALVAREZ; APPLIED CONSTRUCTION SOLUTIONS, INC.; ENERGY TRANSPORTATION, LLC; ENERGY RESOURCE GROUP, LLC; ET360, LLC; BEAR CONTRACTING, LLC; BEAR UTILITIES, LLC; JASON P. HENDERSON; and JOHN DOES NOS. 1-50, FICTITIOUS NAMES,**<br><br>        **Defendants.** | Case No.: 1:23-cv-00001-TSK |

## RELATORS' BRIEF IN OPPOSITION TO THE HENDERSON DEFENDANTS' MOTION TO STAY DISCOVERY

# TABLE OF CONTENTS

Table of Authorities ........................................................................................................................ ii

INTRODUCTION .......................................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 1

LEGAL STANDARD..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 4

I.   The Court Should require Discovery to Proceed while Deciding Defendants' Motions to Dismiss................................................................................................................................. 4

II.  Requiring Discovery to Move Forward Furthers the Court's Scheduling Order and Promotes Judicial Economy................................................................................................. 8

III. Defendants Overstate the Burden of Producing Documents And Ignore the Prejudice Relators Would Suffer From a Stay of Discovery. .............................................................. 9

IV.  A Stay of Discovery Cannot Be justified By The Fact That Relators Work in the Same Industry as Defendants........................................................................................................ 11

CONCLUSION............................................................................................................................. 12

CERTIFICATE OF SERVICE ..................................................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Appalachian Voices v. Duke Energy Carolinas, LLC*,
  No. 1:17CV1097, 2019 WL 13177591 (M.D.N.C. Jan. 9, 2019)..............................5

*Baker v. Bank of Am., N.A.*,
  No. 5:13–cv–92–F, 2013 WL 6408221 (E.D.N.C. Dec. 6, 2013) ..............................7

*Baker v. Swift Pork Co.*,
  No. 3:15–CV–663–JHM, 2015 WL 6964702 (W.D. Ky. Nov. 10, 2015)................5

*Baron Fin. Corp. v. Natanzon*,
  240 F.R.D. 200 (D. Md. 2006)..........................................................................3, 10

*Bennett v. Fastenal Co.*,
  No. CV 7:15-CV-00543, 2016 WL 10721816 (W.D. Va. Mar. 8, 2016)................4

*Brown-Thomas v. Hynie*,
  No. 1:18-CV-02191-JMC, 2019 WL 1043724 (D.S.C. Mar. 5, 2019)................6, 7

*Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*,
  No. 5:09-CV-326-BR, 2009 WL 10689631 (E.D.N.C. Aug. 21, 2009)...................5

*Dillon v. BDI Pharma, Inc.*,
  No. CV 3:18-2058-MGL, 2019 WL 3006777 (D.S.C. Feb. 12, 2019)...................10

*Ellicott Dredges, LLC v. C.J. Mahan Constr. Co.*,
  No. CV 14-3557-ELH, 2015 WL 13840884 (D. Md. Oct. 22, 2015)......................3

*Esber Beverage Co. v. Folio Wine Co.*,
  No. 5:10-CV-00387, 2010 WL 4553430 (N.D. Ohio Nov. 2, 2010)......................11

*Fed. Ins. Co. v. S. Lithoplate, Inc.*,
  No. 5:12-CV-793-F, 2013 WL 4045924 (E.D.N.C. Aug. 8, 2013) .....................8, 9

*Forest River, Inc. v. Heartland Recreational Vehicles, LLC*,
  No. 3:08-CV-490-JD, 2012 WL 4049268 (N.D. Ind. Sept. 12, 2012) ..............10, 11

*Glover v. EQT Corp.*,
  No. 5:19-CV-223, 2023 WL 3922650 (N.D. W. Va. May 10, 2023)......................3

*Hardwire, LLC v. Ebaugh*,
  No. CV JKB-20-0304, 2021 WL 1909792 (D. Md. May 12, 2021).........................9

*Herring v. Lapolla Indus., Inc.*,
    No. 2:12-CV-02705-RMG, 2013 WL 12148769 (D.S.C. Aug. 30, 2013) ...............................5

*Howard v. Galesi*,
    107 F.R.D. 348 (S.D.N.Y. 1985) ........................................................................................5

*IMPulse NC, Inc. v. Bi-State Dev. Agency*,
    No. 5:05-CV-423-FL(2), 2005 WL 8159438 (E.D.N.C. Oct. 17, 2005) ...................................9

*Landis v. N. American Co.*,
    299 U.S. 248 (1936) ...........................................................................................................4

*Medlin v. Andrew*,
    113 F.R.D. 650 (M.D.N.C. 1987) ........................................................................................3

*Merit Industries, Inc. v. Feuer*,
    201 F.R.D. 382 (E.D. Pa. 2001) ..........................................................................................3

*Mey v. All Access Telecom, Inc.*,
    No. 5:19-CV-237, 2021 WL 8892196 (N.D. W. Va. July 14, 2021) .........................................3

*Penguin Restoration, Inc. v. Nationwide Mut. Ins. Co.*,
    No. 5:13-CV-00063-BO, 2013 WL 12164640 (E.D.N.C. July 24, 2013) ..............................3, 6

*Pulse v. Layne*,
    No. 3:12-CV-70, 2013 WL 142875 (N.D. W. Va. Jan. 11, 2013) ............................................8

*Randolph v. PowerComm Constr., Inc.*,
    No. PWG-13-1696, 2013 WL 11327605 (D. Md. Sept. 9, 2013) ............................................6

*Se. Metals Mfg. Co. v. Stampco, Inc.*,
    No. 3:13-CV-844-J-34MCR, 2014 WL 12611323 (M.D. Fla. July 29, 2014) .......................11

*Simpson v. Specialty Retail Concepts, Inc.*,
    121 F.R.D. 261 (M.D.N.C. 1988) ...............................................................................4, 5, 8

*Tradebay, LLC v. eBay, Inc.*,
    278 F.R.D. 597 (D. Nev. 2011) ...........................................................................................5

*Tuell v. Deere Credit Servs., Inc.*,
    No. 2:17-CV-02715, 2017 WL 11249436 (S.D. W. Va. Oct. 4, 2017) ....................................9

**Rules**

Fed. R. Civ. P. 9(b) .................................................................................................................7

Fed. R. Civ. P. 26(c) ....................................................................................................... *passim*

iv

**Other Authorities**

Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2035 (1994) ......................3

## INTRODUCTION

The Court has already denied a joint motion by all parties to stay discovery. The Henderson Defendants nevertheless now seek a stay again, relying solely on their motion to dismiss the Amended Complaint as grounds for such a stay. This Court, however, in its prior stay denial, already ruled that motions to dismiss are not a sufficient basis to stay discovery in this case. In any event, because the Henderson Defendants' motion to dismiss—which is based on a fundamental misunderstanding of the law and facts of the case—is unlikely to succeed, it does not amount to good cause for a stay. Moreover, that the Henderson Defendants deliberately waited two months after filing their motion to dismiss to seek a stay—after the parties agreed to a proposed schedule, after the Court entered the Scheduling Order, and after Relators prepared and served requests for production— undermines their purported need for such a stay. In short, the Henderson Defendants offer only generic and conclusory claims, none of which come close to approaching the "good cause" standard imposed by Federal Rule of Civil Procedure 26(c). In this context, the balance of equities tips in favor of requiring discovery to go forward. The Court should deny the Henderson Defendants' motion to stay discovery.

## STATEMENT OF FACTS

The Defendants first filed motions to dismiss the Complaint on February 28, 2023. Henderson Defs.' Mot. to Dismiss, ECF 63; Am. Mem. Law Supp. Henderson Defs.' Mot. to Dismiss, ECF 65; Alvarez Defs.' Mot. to Dismiss, ECF 66; Alvarez Defs.' Mem. Supp. Mot. to Dismiss, ECF 67.

On April 10, 2023 the parties filed a joint motion to stay discovery. Joint Mot. Pls. and Defs. to Stay Disc. Pending Resolution Mots. to Dismiss, ECF 77. The Court denied this motion the next day, on April 11, 2023, stating that "anticipated motions to dismiss are an insufficient basis to stay discovery in this case." Order, ECF 79.

Relators Joseph Seikel and Terence Seikel filed the Amended Complaint on April 12, 2023. ECF 80.

The parties filed the Report of the Parties Planning Meeting on April 13, 2023. ECF 81. The Report included a proposed schedule to which all parties agreed. *Id*. On May 23, 2023, the Court adopted the parties proposed schedule in the Scheduling Order. ECF 92. The scheduling order sets various deadlines including dates for expert disclosure (October 27, 2023), completion of discovery (December 22, 2023), mediation (January 26, 2024), dispositive motions (March 1, 2024) and a trial date (July 15, 2024). *Id*. at 1-3.

The Defendants filed motions to dismiss the Amended Complaint on May 4, 2023. Henderson Defs.' Mot. to Dismiss Am. Compl., ECF 87; Mem. Law Supp. Henderson Defs.' Mot. to Dismiss Am. Compl., ECF 88; Alvarez Defs.' Mem. Law Supp. Their Mot. to Dismiss Relators' Am. Compl., ECF 89.

Relators served their First Set of Requests for Production ("RFPs") to both the Henderson Defendants and the Alvarez Defendants on June 30, 2023.

On July 6, 2023, the Henderson Defendants moved to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)(1). Henderson Defs.' Mot. to Stay Disc. Pending Resolution Mot. to Dismiss, ECF 97; Mem. Supp. Henderson Defs.' Mot. to Stay Disc. Pending Resolution Mot. to Dismiss, ECF 97-1 (hereinafter "Henderson Defs.' Br."). The Alvarez Defendants have not moved to stay discovery.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order" and that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense, including . . . (A) forbidding the disclosure of discovery." Fed. R. Civ. P. 26(c)(1).

Only where the moving party has established "good cause" under Rule 26(c) should a court stay discovery. *Ellicott Dredges, LLC v. C.J. Mahan Constr. Co.*, No. CV 14-3557-ELH, 2015 WL 13840884, at *2 (D. Md. Oct. 22, 2015). "In order to establish good cause, a proponent may not rely upon 'stereotyped and conclusory statements,' but must present a 'particular and specific demonstration of fact,' as to why a protective order should issue." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (quoting Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2035 (1994) (citations omitted)).

When evaluating a motion to stay discovery, courts in this district apply a balancing test weighing three factors: "(1) the interests of judicial economy, (2) hardship and equity to the moving party if the action is not stayed, and (3) potential prejudice to the non-moving party." *Mey v. All Access Telecom, Inc.*, No. 5:19-CV-237, 2021 WL 8892196, at *1 (N.D. W. Va. July 14, 2021); *e.g.*, *Glover v. EQT Corp.*, No. 5:19-CV-223, 2023 WL 3922650, at *1 (N.D. W. Va. May 10, 2023). "In determining whether to stay discovery pending resolution of the pending dispositive motions, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Penguin Restoration, Inc. v. Nationwide Mut. Ins. Co.*, No. 5:13-CV-00063-BO, 2013 WL 12164640, at *1 (E.D.N.C. July 24, 2013) (citation omitted).

Rule 26(c)'s good cause standard "creates a rather high hurdle," which the moving party must overcome. *Baron Fin.*, 240 F.R.D. at 202; *see also Merit Industries, Inc. v. Feuer*, 201 F.R.D. 382, 384–85 (E.D. Pa. 2001) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."); *Medlin v. Andrew*, 113 F.R.D. 650,

3

653 (M.D.N.C. 1987) (demonstrating good cause imposes a heavy burden on the moving party) (citation omitted). Thus, in order to satisfy its heavy burden, a party seeking a stay must show that clear and convincing circumstances support a stay. *Landis v. N. American Co.*, 299 U.S. 248, 254-55 (1936).

**ARGUMENT**

I. **THE COURT SHOULD REQUIRE DISCOVERY TO PROCEED WHILE DECIDING DEFENDANTS' MOTIONS TO DISMISS.**

This Court has already denied a prior motion for stay, which expressly contemplated that one or both parties would file motions to dismiss. *See* Order, ECF 79 ("anticipated motions to dismiss are an insufficient basis to stay discovery in this case"). The Henderson Defendants, therefore, do not point to any circumstances that have changed since the Court's previous stay denial that would warrant a different outcome now. If anything, subsequent developments further support denial of a stay of discovery. In contrast to the prior stay motion, only one party now seeks a stay. *See infra* p. 9. Furthermore, the Court has now entered its scheduling order and set deadlines for discovery, briefing, and trial. *See infra* p. 8.

Even putting aside the Court's prior ruling, the Henderson Defendants' motion to dismiss is not enough to grant a stay.

When balancing the harm produced by a delay in discovery against the possibility that a dispositive motion will eliminate the need for such discovery, courts commonly "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *E.g.*, *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). A court may issue a stay of discovery during the pendency of a dispositive motion, but the movant must establish a substantially high likelihood of success in their dispositive motion first. *See Bennett v. Fastenal Co.*, No. CV 7:15-

CV-00543, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016) ("Although the court is not ruling on the motion to dismiss at this time, and still needs to review more thoroughly the authority cited by the parties, the court certainly cannot say that there appears to be an immediate and clear possibility that [dismissal] will be granted." (internal quotations and citation omitted)); *Appalachian Voices v. Duke Energy Carolinas, LLC*, No. 1:17CV1097, 2019 WL 13177591, at *2 (M.D.N.C. Jan. 9, 2019) ("[T]he Court does not, at this juncture, perceive an 'immediate and clear possibility' that Duke Energy's motions will be granted and that this action will be terminated in its entirety." (quoting *Simpson*, 121 F.R.D. at 263)); *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, No. 5:09-CV-326-BR, 2009 WL 10689631, at *1 (E.D.N.C. Aug. 21, 2009) ("[T]he court cannot say that a grant by the court of the motion to dismiss is inevitable. Although it is possible that Plaintiff's motion to dismiss the amended complaint could be granted in total, that outcome is not certain."); *Howard v. Galesi*, 107 F.R.D. 348, 350-51 (S.D.N.Y. 1985) (noting that where the granting of a motion to dismiss is not "inevitable" and where a court has not already ruled that a complaint is defective, a stay of discovery is inappropriate); *Baker v. Swift Pork Co.*, No. 3:15–CV–663–JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) (denying a motion to stay discovery when it was "not patently apparent" whether a dispositive motion would be granted or denied).

Applying this standard, courts regularly refuse to stay discovery simply because a dispositive motion has been filed. *See, e.g.*, *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."); *Herring v. Lapolla Indus., Inc.*, No. 2:12-CV-02705-RMG, 2013 WL 12148769, at *1 (D.S.C. Aug. 30, 2013) ("[T]he mere filing of a dispositve [sic] motion does constitute "good cause" and does not alone warrant the issuance

5

of a stay." (citing *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006)). These cases demonstrate that, as a general matter, discovery should proceed, even if a dispositive motion has been filed, and that a stay should issue only if a movant satisfies the Rule 26(c) good cause burden.

The Henderson Defendants have failed to demonstrate that it is "inevitable," "patently apparent," or "immediate and clear" that their motion to dismiss will succeed. Instead, the Henderson Defendants rest their stay motion "upon the presumption that their Motion[] to Dismiss will be successful," a bare assumption that alone cannot satisfy Rule 26(c)'s good cause standard. *Brown-Thomas v. Hynie*, No. 1:18-CV-02191-JMC, 2019 WL 1043724, at *7 (D.S.C. Mar. 5, 2019); *Randolph v. PowerComm Constr., Inc.*, No. PWG-13-1696, 2013 WL 11327605, at *2 (D. Md. Sept. 9, 2013) (denying defendants' motion to stay discovery where "[t]he only fact that appears to support the stay is that Defendants have filed a motion for summary judgment that 'would most likely resolve this litigation' if granted"). If it was "patently apparent" or "immediate and clear" that the Henderson Defendants' motion to dismiss would be granted, it stands to reason that the Alvarez Defendants, who filed a nearly identical motion to dismiss, would also request a stay. They have not. The Henderson Defendants have failed to establish that it is "inevitable" that their motion to dismiss will succeed in dispatching with Relators' case entirely, and thus the motion to stay discovery must be denied. *See Penguin Restoration*, 2013 WL 12164640, at *2.

Furthermore, Defendants' motions are unlikely to succeed because Relators' allegations are more than adequate to state a claim. *See* Relators' Br. Opp. Defs.' Mots. to Dismiss, ECF 93 (June 5, 2023); *see also Brown-Thomas*, 2019 WL 1043724, at *7 ("[U]pon taking a careful 'peek' at the pending Motions to Dismiss …, there is no indication that they are 'clearly meritorious and truly case dispositive' because Plaintiffs vehemently oppose those Motions with substantial

6

arguments." (citations omitted)). Relators' claims are based upon well-founded legal theories and are factually supported by a fifty-six-page Amended Complaint containing detailed allegations of Defendants' fraudulent conduct. Moreover, the arguments raised in Defendants' motion to dismiss lack merit or plainly wrong.

In their Amended Complaint, Relators provide detailed, nonpublic allegations revealing the inner workings of the Defendants' operations—none of which had previously been made public. Unable to wave away these facts, Defendants simply ignored every new allegation in their public disclosure and Rule 9(b) arguments. Instead, the Henderson Defendants double down on their contention that Relators' status as competitors renders them "not qualified" to serve as a relator in a qui tam matter—an argument that has not been adopted by any court in any jurisdiction. On its face, the Henderson Defendants' motion to dismiss fails to demonstrate that there is an immediate and clear possibility that it will be granted and dispose of Relators' case, thus tipping the balance decidedly in favor of permitting discovery to go forward.

The timing of the Henderson Defendants' motion further undercuts their need for a stay motion. The Henderson Defendants did not file their stay motion simultaneously with, nor in the days following, their motion to dismiss the amended complaint. Instead, the Henderson Defendants waited more than two months after their motion to dismiss to seek a stay. *Compare* Mot. to Dismiss, ECF 87 and Mem. Law Supp. Henderson Defs.' Mot. to Dismiss, 88 (filed on May 4, 2023) *with* Henderson Defs.' Mot. to Stay Disc., ECF 97 (filed on July 6, 2023). This significant delay suggests that the Henderson Defendants' motion lacks a reasonable basis and should be denied. *See Brown-Thomas*, 2019 WL 1043724, at *7 ("Defendants' request to stay discovery is not persuasive or reasonable because it was filed almost a month after their pending Motions to Dismiss…"); *Baker v. Bank of Am., N.A.*, No. 5:13–cv–92–F, 2013 WL 6408221, at

7

\*1 (E.D.N.C. Dec. 6, 2013) (holding that the defendants did not establish reasonableness when they failed to seek a stay in discovery "shortly after filing its motion to dismiss").

    II.    **REQUIRING DISCOVERY TO MOVE FORWARD FURTHERS THE COURT'S SCHEDULING ORDER AND PROMOTES JUDICIAL ECONOMY.**

Judicial economy is best promoted by denying the Henderson Defendants' stay motion. Motions to stay "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Simpson*, 121 F.R.D. at 263; *Fed. Ins. Co. v. S. Lithoplate, Inc.*, No. 5:12-CV-793-F, 2013 WL 4045924, at \*1 (E.D.N.C. Aug. 8, 2013) (motions to stay discovery "are generally disfavored because delaying discovery may cause case management problems as the case progresses").

The Henderson Defendants suggest that judicial economy favors a stay of discovery. Henderson Defs.' Br. 10, ECF 97-1. Not so. Staying discovery until the Defendants' motions to dismiss are decided would compress the allotted time for discovery, requiring a heavier lift by the parties, and almost certainly the Court, to ensure that discovery is completed in a timely manner. The Court has set the end of discovery for December 22, 2023, approximately five months from now. Scheduling Order, ECF 92. Given this deadline, judicial economy counsels in favor of proceeding with discovery so that the parties can begin producing documents and meeting to resolve issues. *See Pulse v. Layne*, No. 3:12-CV-70, 2013 WL 142875, at \*7 (N.D. W. Va. Jan. 11, 2013) (denying motion to stay discovery "so as not to disturb the dates currently set in the Court's scheduling order").

The Henderson Defendants offer no assurances that the parties would be able to complete discovery in a timely fashion were the Court to grant the Henderson Defendants' stay motion. Nor could they reasonably do so. Instead, the result would be "unnecessary delay in the expeditious

8

and efficient disposition of [the] case[]"—precisely the reason that such motions are disfavored. *IMPulse NC, Inc. v. Bi-State Dev. Agency*, No. 5:05-CV-423-FL(2), 2005 WL 8159438, at *1 (E.D.N.C. Oct. 17, 2005).

Furthermore, the motion to stay was filed by the Henderson Defendants only. The Alvarez Defendants have not sought a stay. Thus, discovery is currently underway as to the Alvarez Defendants. The Henderson Defendants' motion, if granted, would result in the Defendants proceeding through the litigation on two separate tracks; hardly the sort of result tending to establish "good cause." *Fed. Ins.*, 2013 WL 4045924, at *1 (finding that "good cause does not exist" where only some defendants' sought to stay discovery, which "could potentially create case management problems for the court as well as problems for the remaining parties, who would likely prefer to brief and argue all dispositive motions at the same time"); *Hardwire, LLC v. Ebaugh*, No. CV JKB-20-0304, 2021 WL 1909792, at *3 (D. Md. May 12, 2021) (holding that a defendant failed to carry its heavy burden where "[g]ranting a stay of pre-trial deadlines only with respect to [one defendant] could create a situation where different parties have different deadlines for dispositive motions and other matters"); *see also Tuell v. Deere Credit Servs., Inc.*, No. 2:17-CV-02715, 2017 WL 11249436, at *1 (S.D. W. Va. Oct. 4, 2017) (denying a defendant's motion to stay discovery, in part, because the co-defendant had not joined in requesting a stay).

### III. DEFENDANTS OVERSTATE THE BURDEN OF PRODUCING DOCUMENTS AND IGNORE THE PREJUDICE RELATORS WOULD SUFFER FROM A STAY OF DISCOVERY.

The Henderson Defendants argue that producing documents would be "inequitable and unduly burdensome." Henderson Defs.' Br. 8, ECF 97-1. But the Henderson Defendants do not explain how responding to Relators' RFPs would cause an undue burden. In fact, the Henderson Defendants have represented to the Court that they have "produc[ed] several explanatory memos and thousands of pages of supporting documentation" to the Department of Justice ("DOJ") as part

9

of the government's investigation of Relators' allegations. Am. Mem. Law Supp. Henderson Defs.' Mot. to Dismiss 7, ECF 65. Relators expect that the documents responsive to the RFPs substantially overlap with documents that the Henderson Defendants have already produced to the DOJ. The Henderson Defendants can hardly complain that it is burdensome to produce documents that they previously produced in this matter. The Henderson Defendants' conclusory claim of undue burden is insufficient to establish good cause under Rule 26(c). *Baron Fin.*, 240 F.R.D. at 202 (establishing good cause for a stay of discovery requires "particular and specific demonstration of fact"); *Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, No. 3:08-CV-490-JD, 2012 WL 4049268, at *3 (N.D. Ind. Sept. 12, 2012) (concluding that a stay of discovery is not appropriate where "the movants make only bald assertions that discovery relative to the claims would be an 'enormous, needless expense'").

At the same time, the Henderson Defendants ignore the prejudice to Relators if discovery were stayed. *See* Henderson Defs. Br.' 8, ECF 97-1. Relators spent significant amounts of time and effort to put together the RFPs, served upon both the Henderson Defendants and the Alvarez Defendants. This work was conducted to comply with the Court's order denying the parties' joint motion to stay discovery, Order, ECF 79, and in an effort to complete discovery by the deadline set forth in the Court's scheduling order, Scheduling Order, ECF 92. By failing to timely seek to stay discovery after filing the motion to dismiss, the Henderson Defendants have prejudiced the Relators. For this reason, the Henderson Defendants cannot show "good cause" for a stay of discovery. *Dillon v. BDI Pharma, Inc.*, No. CV 3:18-2058-MGL, 2019 WL 3006777, at *1–2 (D.S.C. Feb. 12, 2019) (denying defendants' motion to stay due to lack of "good cause" under Rule 26(c) where "any additional delay would have a disproportionately prejudicial impact on [the

plaintiff]" because "[t]he parties have set forth a discovery plan and have begun the discovery process").

### IV. A STAY OF DISCOVERY CANNOT BE JUSTIFIED BY THE FACT THAT RELATORS WORK IN THE SAME INDUSTRY AS DEFENDANTS.

The Henderson Defendants argue twice that a stay of discovery is supported by the fact that the Relators are "competitors" to the Henderson Defendants. Henderson Defs.' Br. 8, 10, ECF 97-1. This is a non sequitur. After all, litigation between competitors is common, and discovery takes place in those cases just as it does for cases where the parties operate in separate industries. Any concerns about the Relators working in the same industry as Defendants can be addressed by a protective order that permits discovery to proceed while offering sufficient protection of proprietary information which may be responsive to Relators' RFPs. In fact, all parties have already agreed to, and filed with the Court, a protective order governing confidential information. [Proposed] Protective Order, ECF 82 (Apr. 13, 2023). That the Relators work in the same industry as the Henderson Defendants is hardly "good cause" sufficient to justify a stay of discovery. *See, e.g.*, *Se. Metals Mfg. Co. v. Stampco, Inc.*, No. 3:13-CV-844-J-34MCR, 2014 WL 12611323, at *1 (M.D. Fla. July 29, 2014) (denying the defendant's motion to stay discovery where the defendant argued the requested discovery was merely an attempt to "review and analyze the entire business operations of a competitor"); *Forest River*, 2012 WL 4049268, at *4 (denying the defendant's motion to stay discovery and noting that "concern of having to produce confidential, trade secret information to a competitor" may be addressed by protective order); *Esber Beverage Co. v. Folio Wine Co.*, No. 5:10-CV-00387, 2010 WL 4553430, at *2 (N.D. Ohio Nov. 2, 2010) ("A protective order rather than a stay of discovery" strikes the proper balance between concerns about disclosure to a competitor against a party's right to discovery).

11

## CONCLUSION

For the foregoing reasons, the Court should deny the Henderson Defendants' motion to stay discovery.

> */s/ Anthony J. Majestro*
> Anthony J. Majestro, Esq. (WVSB #5165)
> Powell & Majestro, PLLC
> 405 Capitol Street, Suite P-1200
> Charleston, WV 25301
> 304-346-2889 / 304-346-2895 (f)
> amajestro@powellmajestro.com
>
> William G. Powers (*pro hac vice*)
> Andrew M. Miller (*pro hac vice*)
> Baron & Budd, P.C.
> The Watergate
> 600 New Hampshire Ave., NW, 10th Floor
> Washington, DC  20037
> Telephone:  202.333.4562
> Facsimile:  202.337.1039
> wpowers@baronbudd.com
> amiller@baronbudd.com
>
> *Counsel For Plaintiff-Relators*

## CERTIFICATE OF SERVICE

I certify that on July 20, 2023, the foregoing Relators' Brief in Opposition to the Henderson Defendants' Motion to Stay Discovery was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.

*/s/ Anthony J. Majestro*
