IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA *ex rel.*
JOSEPH SEIKEL and TERENCE SEIKEL,

    Plaintiffs,

v.

DAVID B. ALVAREZ; APPLIED
CONSTRUCTION SOLUTIONS, INC.;
ENERGY TRANSPORTATION, LLC;
ENERGY RESOURCE GROUP, LLC;
ET360, LLC; BEAR CONTRACTING, LLC;
BEAR UTILITIES, LLC; JASON P.
HENDERSON; and JOHN DOES NOS. 1-50,
FICTITIOUS NAMES;

    Defendants.

Civil Action No.  1:23-cv-00001
Honorable Thomas S. Kleeh

## HENDERSON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**I.**    **INTRODUCTION**

Defendants Jason P. Henderson, Energy Resource Group, LLC, and ET360, LLC (collectively, the "Henderson Defendants"), by and through counsel, move this Court, pursuant to Federal Rule of Civil Procedure 26(c), for entry of a protective order regarding the First Set of Requests for Production to the Henderson Defendants served by Joseph Seikel and Terence Seikel (collectively, "the Seikels"). Good cause exists for the Court to enter a protective order. First, the Henderson Defendants' motion to dismiss and motion to stay discovery are pending before this Court, and resolution of these motions may either dispose of the entirety of the Seikels' case as to the Henderson Defendants or, at minimum, make disclosure of the requested discovery responses unnecessary. Second, the Seikels seek confidential and proprietary business information that warrants protection under Rule 26(c). Third, the Seikels' requests for production are overbroad,

unduly burdensome, irrelevant, not likely to lead to the discovery of admissible evidence, and disproportional to the needs of the case. For these reasons, the Court should grant the Henderson Defendants' motion for protective order and enter a protective order directing that the Henderson Defendants are not required to respond to the Seikels' First Set of Requests for Production until after the pending motions to stay discovery and/or to dismiss the amended complaint are resolved.

## II.     STATEMENT OF THE CASE

On October 22, 2020, the Seikels, on behalf of the United States of America, initiated the instant *qui tam* action in the United States District Court for the Eastern District of Pennsylvania by filing, under seal, their Complaint for False Claims Act Violations Under 31 U.S.C. §§ 3729–3733 against the Henderson Defendants; David B. Alvarez, Applied Construction Solutions, Inc., and Energy Transportation, LLC (collectively, the "Alvarez Defendants"); Bear Contracting, LLC and Bear Utilities, LLC (collectively, the "Urso Defendants")[1]; and John Does Nos. 1–50, Fictitious Names. ECF No. 1. The complaint asserted four counts: (1) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(A); (2) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(B); (3) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(C); and (4) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(G). *Id.* at 38–41.

By order dated January 4, 2023, the Eastern District of Pennsylvania court granted the Alvarez Defendants' motion to transfer venue and directed that the case be transferred to the Northern District of West Virginia. ECF No. 41. On February 28, 2023, the Henderson Defendants and the Alvarez Defendants moved to dismiss the original complaint. ECF Nos. 63, 65, 66, 67.

On March 1, 2023, the Court entered the First Order and Notice Regarding Discovery and Scheduling Conference. ECF No. 68.

---

[1] Upon information and belief, the Seikels have never served the Urso Defendants with the complaint, original or amended, in this action.

On March 13, 2023, the Henderson Defendants, the Alvarez Defendants, and the Seikels filed a Joint Stipulation, wherein the parties consented, amongst other items, to the Seikels filing of an amended complaint pursuant to Federal Rule of Civil Procedure 15(A)(1)(B). ECF No. 73. On March 14, 2023, the Court entered an Order Adopting Joint Stipulation. ECF No. 74.

On April 11, 2023, the Court entered an Order denying as moot the Henderson Defendants' and the Alvarez Defendants' motions to dismiss, due to the filing of the amended complaint. ECF No. 79. In that same Order, the Court also denied the Joint Motion of Plaintiffs and Defendants to Stay Discovery Pending Resolution of Motions to Dismiss (ECF No. 77), which had been filed on April 10, 2023, prior to the defendants moving to dismiss the amended complaint. ECF No. 79. The Court specifically reasoned: "The Court finds that *anticipated* motions to dismiss the Amended Complaint are an insufficient basis to stay discovery in this case. *At this juncture*, the motion to stay is **DENIED** . . . ." *Id.* (emphasis added).

On April 12, 2023, the Seikels' Amended Complaint for False Claims Act Violations Under 31 U.S.C. §§ 3729–3733 was filed. ECF No. 80. The amended complaint alleges the same four counts: (1) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(A); (2) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(B); (3) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(C); and (4) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(G). *Id.* at 52–54.

On April 13, 2023, the parties filed the Report of Parties Planning Meeting. ECF No. 81.

On April 28, 2023, the Court unsealed the United States' Notice of Election to Decline Intervention, which was filed under seal on April 7, 2023. ECF No. 76.

On May 1, 2023, the Henderson Defendants, the Alvarez Defendants, and the Seikels filed their respective initial disclosures. ECF Nos. 83, 84, 85, 86.

On May 4, 2023, the Henderson Defendants filed their Motion to Dismiss Amended Complaint and Memorandum in Support (ECF Nos. 87, 88), and the Alvarez Defendants filed their Memorandum of Law in Support of Their Motion to Dismiss the Relators' Amended Complaint (ECF No. 89). The Henderson Defendants, as well as the Alvarez Defendants, generally argue that the amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because (1) the Seikels' claims are barred by the public disclosure bar, and the Seikels do not qualify as an original sources; (2) the Seikels fail to allege fraud with particularity as required by Rule 9(b); and (3) the Seikels fail to state a claim under the False Claims Act ("FCA") upon which relief can be granted. *See* ECF No. 88. The motions are fully briefed and remain pending.

On May 23, 2023, the Court entered the Scheduling Order. ECF No. 92.

On June 30, 2023, the Seikels served their First Set of Requests for Production to the Henderson Defendants and First Set of Requests for Production to the Alvarez Defendants.[2] The First Set of Requests for Production includes thirty-seven (37) requests, which would essentially require the Henderson Defendants to locate, compile, and produce to the Seikels—who are business competitors to the Henderson Defendants—all documents, communications, and materials related to their business operations and finances, including documents, communications, and materials that are confidential and proprietary in nature.

On July 6, 2023, the Henderson Defendants filed their Motion to Stay Discovery Pending Resolution of Motion to Dismiss, wherein the Henderson Defendants requested that this Court stay discovery pending resolution of their motion to dismiss. ECF No. 97. The Seikels filed a response to the motion to stay on July 20, 2023. ECF No. 98. On July 27, 2023, the Henderson Defendants filed a reply in support of their motion to stay. ECF No. 99. The motion remains pending.

---

[2] The Seikels' First Set of Requests for Production to the Henderson Defendants is attached hereto as Exhibit 1.

### III.   DISCUSSION

####   A.   Standard of Decision.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b). A court "must limit the frequency or extent of discovery otherwise allowed . . . if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Further, courts may limit discovery pursuant to Rule 26(c), which allows a party to "move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1). For good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including, in pertinent part, "forbidding the disclosure or discovery," "specifying terms, including time and place . . . , for the disclosure or discovery," "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters," and "requiring that trade secret or other confidential research, development, or commercial information not be revealed . . . ." Fed. R. Civ. P. 26(c)(1).

####   B.   Discovery Would Be Disproportional and Unduly Burdensome Because the Henderson Defendants' Motion to Dismiss and Motion to Stay Discovery Are Pending Before the Court.

The Court should enter a protective order directing that the Henderson Defendants are not required to respond to the First Set of Requests for Production at this time because the Henderson Defendants' motion to stay discovery and motion to dismiss are currently pending before the Court, and the Court's rulings on such motions may dispose of this case on the pleadings or, a minimum, narrow the scope of discovery. Requiring the Henderson Defendants to respond to

discovery while its motions, the rulings on which could make such discovery unnecessary, are pending would result in annoyance and undue burden and expense to the Henderson Defendants.

As discussed in more detail in the briefing on the Henderson Defendants' motion to stay discovery, as well as in the briefing on the motion to dismiss itself, the Henderson Defendants' motion to dismiss raises several arguments demonstrating that the Seikels have failed to sufficiently plead their claims under the FCA and that the Seikels' amended complaint against the Henderson Defendants should thus be dismissed in its entirety. *See* ECF Nos. 97, 99; *see also* ECF Nos. 87, 88, 95. This Court, as well as other courts, have recognized that a stay of discovery is proper where a motion to dismiss is pending. *See, e.g., Sheehan v. United States*, No. 5:11cv170, 2012 WL 1142709 (N.D. W. Va. Apr. 4, 2012) (granting the defendant's motion for stay pending resolution of a motion to dismiss); *see also Citynet, LLC v, Frontier W. Va. Inc.*, No. 2:14cv15947, 2016 WL 6133844 (S.D. W. Va. Oct. 19, 2016) (granting motion to stay discovery pending motion to dismiss); *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003) (holding stay of discovery was warranted pending resolution of motion to dismiss), *aff'd*, 85 F. App'x 333 (4th Cir. 2004). Courts have further recognized that a stay of discovery is particularly appropriate in cases

involving claims under the FCA.[3] Accordingly, there is strong support on the merits for both the Henderson Defendants' motion to dismiss and motion to stay discovery.[4]

Additionally, for many of the same reasons that a stay of discovery would be appropriate pending resolution of the motion to dismiss, a protective order directing that the Henderson Defendants are not required to respond to discovery at this time would also be appropriate. This is particularly true with regard to the reasoning about protection of defendants in cases involving FCA claims. If the Henderson Defendants are required to respond to the Seikels' discovery requests before the Seikels have established that they have pleaded a viable claim under the FCA, the Seikels will have gained unwarranted access to the Henderson Defendants' confidential

---

[3] *See United States ex rel. Williams v. Med. Support L.A., Inc.*, No. SA CV 20-00198-CBM (DFMx), 2021 WL 4816607, at *1 (C.D. Cal. May 7, 2021) (agreeing with defendants' arguments that "False Claims Act cases are different" "[b]ecause such claims are subject to heightened pleading requirements of Federal Rule of Civil Procedure 9(b)" and "that plaintiff "should not be able to take advantage of discovery obtained while motions to dismiss are litigated"); *see also Fernandez v. Freedom Health, Inc.*, No. 8:18cv1959-MSS-JSS, 2021 WL 2954309 (M.D. Fla. Mar. 25, 2021) (granting motion to stay discovery "until a determination is made that a claim has been stated under the FCA"); *United States ex rel. Ernst v. Coll. Park Ancillary, LLC*, No. 2:19cv02085-TC, 2021 WL 533830, at *2–3 (D. Kan. Feb. 12, 2021) (granting motion to stay discovery pending resolution of motion to dismiss in FCA case where the plaintiff had filed multiple deficient complaints); *Paul v. Biotronik, Inc.*, No. 8:18cv396-T-36JSS, 2020 WL 13369048, at *3 (M.D. Fla. Oct. 16, 2020) (granting motion to stay discovery pending resolution of motion to dismiss in case involving FCA claim where amended complaint lacked "information concerning who submitted or presented claims to government for payment, how the claims were submitted, or when they were submitted"); *United States ex rel. Modglin v. DJO Global Inc.*, No. CV 12-07152 MMM (JCGx), 2014 WL 12564275, at *2 (C.D. Cal. Feb. 20, 2014) (agreeing that "the court should stay discovery in this case because such a stay is appropriate in FCA cases").

[4] The Henderson Defendants recognize that this Court previously denied a motion to stay discovery filed by the parties in this action. ECF No. 79. The Court's Order explained that "[t]he Court finds that *anticipated* motions to dismiss the Amended Complaint are an insufficient basis to stay discovery in this case. *At this juncture*, the motion to stay is **DENIED** . . . ." *Id.* (emphasis added). Because the Henderson Defendants, as well as the Alvarez Defendants, have now filed their motion to dismiss the amended complaint, which remains pending, and the Seikels have served discovery requests, the status of the case is clearly different than at the time the earlier order was entered. At this juncture of the case, a stay of discovery is warranted.

7

business and proprietary information and could potentially use such discovery to attempt to cure their deficient pleadings.[5]

### C. The Seikels' Discovery Requests Seek Confidential and Proprietary Business Information from the Henderson Defendants That Warrants Protection.

The Court should also grant the Henderson Defendants' motion for protective order to protect the Henderson Defendants from having to prematurely, and perhaps unnecessarily, disclose confidential and proprietary business information to a competitor.[6]

Pursuant to Rule 26(c), the Court can enter a protective order that requires that " . . . confidential research, development, or commercial information not be revealed . . . ." Fed. R. Civ. P. 26(c)(1)(G). The United States District Court for the Southern District of West Virginia has

---

[5] The Seikels' Request for Production No. 3 highlights the Seikels' deficiencies in this regard and underscores the urgency of their desire to engage in immediate discovery. On one hand, the Seikels' Amended Complaint, which is premised on the assertion that they are relators with inside knowledge, avers that the Henderson Defendants (and other Defendants) engaged in a scheme to "falsely certif[y]" PPP loan applications (*see* ECF No. 80 at 2 ¶ 5) and to make "willful misrepresentations" to get those PPP loans approved (*see* ECF No. 80 at 4 ¶ 13). The Amended Complaint also baldly alleges that the Defendants (including the Henderson Defendants) "knowingly made numerous false express and implied certifications and/or caused the submission of false or fraudulent statements and false claims to Government programs for PPP loan proceeds." (*see* ECF No. 80 at 4 ¶ 15). Conversely, their Request No. 3, which seeks "All PPP loan applications [the Henderson Defendants] submitted (or caused to be submitted)," suggests that the Seikels do not possess (and have not reviewed) the very documents on which their allegations in this case turn. *See* Ex. 1 at 9 ¶ 3.

[6] This is not the first time that the Seikels have attempted to obtain the Henderson Defendants' confidential and proprietary business information. On February 14, 2020, in *Richards v. Octane Environmental, LLC*, No. 1:18cv00158 (N.D. W. Va.), the Seikels, who were defendants in that litigation but plaintiffs in the related civil action 1:18-CV-00157, served a subpoena on ERG, which was not a party to that litigation, requesting many of the same types of documents that the Seikels now request of the Henderson Defendants in this case, including employee files, revenues, financial statements, corporate documents, loan documents, employment contracts, litigation-related materials, asset listings, inventory listings, and accounts receivable listings. The Seikels moved to compel ERG to respond, and ERG requested that this Court quash the subpoena on the basis that the requests were either overbroad, unduly burdensome, the documents were available elsewhere, the documents constituted competitively sensitive information, or some combination of the four. By order entered on March 12, 2020, this Court denied the motion to compel by Octane and the Seikels, quashing their subpoena duces tecum for ERG's records, because the records requests were overbroad and sought confidential and "valuable information on a direct competitor" for which they failed to show a substantial need. *See Richards v. Octane Env't, LLC*, No. 1:18cv00158 (N.D. W. Va.), ECF No. 200. This Order noted that the Seikels and Octane "do not dispute that they are competitors with ERG." *Id.* at 4. The March 3, 2020 order quashing the subpoena on ERG is attached hereto as Exhibit 2.

recognized that "[t]o merit protection under Rule 26(c), commercial information must be more than just routine data; instead, it must be important proprietary information that provides the business entity with a financial or competitive advantage when it is kept secret and results in financial or competitive harm when it is released to the public." *Moore v. Ferguson*, No. 2:15cv04531, 2015 WL 9587748, at *5 (S.D. W. Va. Dec. 30, 2015) (citations omitted); *see also Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 697 (D. Nev. 1994) ("Confidential commercial information is information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." (citations omitted)). In *Moore*, the Southern District provided a non-exclusive list of examples of confidential commercial information entitled to protection: customer lists and revenue information, product design and development and marketing strategy, commercial financial information, and pricing and marketing information. 2015 WL 9587748, at *5. The Southern District in *Moore* ultimately found that the information sought was confidential commercial information where the documents were not disclosed to the public and the documents would reveal information specific to the party's negotiations, operation, financial position, strategic position, strategic planning, and client lists. *Id.* at *6. Further, that information is considered confidential commercial where it "provided the party a financial and competitive advantage which would be lost if released to the public." *Id.*

The documents and information that the Seikels seek from the Henderson Defendants are generally not disclosed to the public and pertain to the Henderson Defendants' negotiations and agreements with other parties, internal operations, financial arrangements, and strategic approach. *See, e.g.,* Ex. 1 at 10 ("9.     All Documents and Communications Concerning Your articles of incorporation, members and/or shareholder agreements, operating agreements, bylaws, and any

9

other corporate governance documents . . . ."); *id.* ("11.    All Documents and Communications Concerning all Your active and inactive Master Service Agreements ("MSAs") and/or Framework Agreements."); *id.* at 11–12 ("16.    All Documents and Communications Concerning any equity purchase and/or sale agreements, debt and/or financing agreements, management agreements, subcontracting agreements, asset or equipment purchase or rental agreements, and lease or sublease agreements between the Defendants and any third parties."); *id.* at 12 ("17.    All Documents and Communications Concerning Your audited and/or reviewed financial statements."); *id.* at 13 ("23.    All Documents and Communications Concerning Your accounting information."); *id.* ("24.    All Documents and Communications Concerning Your bank account and other account reconciliations for Your balance sheet accounts.").

      This type of information requested by the Seikels is the type of confidential commercial information which warrants protection, as it is not disclosed to the public and reveals information specific to the Henderson Defendants' operations, finances, and strategies. *See supra* note 6; Ex. 2 at 4 ("Much of the requested information is confidential commercial information. . . . This Motion to Compel would provide Octane with valuable information on a direct competitor if granted."). Good cause for a protective order preventing disclosure of this confidential commercial information exists because the disclosure of such information would be a detriment to the Henderson Defendants' financial and competitive positions, particularly because the Seikels are direct business competitors of the Henderson Defendants. For example, disclosure of all of the Henderson Defendants' employee names (Request No. 10), vendors and service providers (Request No. 12), and third parties with whom the Henderson Defendants may be involved (Request No. 16) could allow the Seikels to use that information to pursue those individuals and entities and unfairly compete with the Henderson Defendants. By way of further example, the

10

Seikels have served multiple requests for disclosure of various contractual documents pertaining to the Henderson Defendants' business operations (e.g., Request Nos. 11, 12, 16, 21), the disclosure of which could allow the Henderson Defendants to attempt to undermine the Henderson Defendants' contracts and business relationships and unfairly compete with the Henderson Defendants. Finally, the Seikels broadly request the Henderson Defendants' financial and accounting information (e.g., Request Nos. 8, 17, 18, 19, 20, 21, 22, 23, 24), which is clearly protected and would provide the Seikels with unwarranted insight into how to compete against the Henderson Defendants. Accordingly, for many of the same reasons as recognized in *Moore*, the Seikels' First Set of Requests for Production seeks the Henderson Defendants' confidential commercial information, and good cause exists for the issuance of a protective order.

      **D.**      **The Seikels' Discovery Requests Are Overbroad, Unduly Burdensome, Irrelevant, Not Likely to Lead to the Discovery of Admissible Evidence, and Disproportional to the Needs of the Case.**

Finally, the Court should grant the Henderson Defendants' motion and enter a protective order because the Seikels' First Set of Requests for Production includes many requests that are overbroad, unduly burdensome, irrelevant, not likely to lead to the discovery of admissible evidence, and/or disproportional to the needs of the case.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional to the needs of the case* . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). Here, many of the requests for production seek discovery that is overbroad, disproportional to the needs of the case, and irrelevant to the Seikels' FCA claims. *See Hayat v. Fairley*, No. WMN-08-3029, 2010 WL 11451124, at *2 (D. Md. May 6, 2010) ("A showing of irrelevancy of the proposed discovery can satisfy the good

11

cause requirement for a protective order."). For example, many of the discovery requests seek *all* of particular categories of documents, many of which would be irrelevant to the FCA claims.[7]

Additionally, requiring the Henderson Defendants to respond to discovery and produce documents, including confidential and proprietary information, while their motion to dismiss is pending would be unduly burdensome, for many of the same reasons discussed above. First, the Henderson Defendants' motion to dismiss, if granted, is dispositive of all claims against the Henderson Defendants, and if the motion to dismiss is granted, any discovery conducted by the parties would have been unnecessary and a waste of the Henderson Defendants' resources. Furthermore, the Seikels' requests for production extend far beyond requests for the documents that the Henderson Defendants may have previously submitted to the Department of Justice ("DOJ") as part of its investigation,[8] and even beyond documents with relevance to the Seikels' FCA claims. *See supra* note 7. In fact, in their entirety, the Seikels' requests for production could be read as requesting almost all documents and communications, of any nature, within the Henderson Defendants' possession. In order to respond to the Seikels' requests for production, the Henderson Defendants will be required to devote substantial time and effort to identifying and compiling such materials, including review of materials beyond those submitted to the DOJ. Such production would be more burdensome and prejudicial to the Henderson Defendants because, as discussed above, it would require disclosure of confidential and proprietary business information

---

[7] *See, e.g.*, Ex. 1 at 10 ("8.   All Documents and Communications Concerning Your tax returns."); *id.* ("9.   All Documents and Communications Concerning Your articles of incorporation, members and/or shareholder agreements, operating agreements, bylaws, and any other corporate governance documents . . . ."); *id.* ("10.   All Documents and Communications Concerning Your current and historical organization structure."); *id.* at 11 ("12.   All Documents and Communications Concerning all Your active and inactive vendor / service provider contracts, subcontracts, or other agreements."); *id.* at 13 ("23.   All Documents and Communications Concerning Your accounting information.").
[8] After completing its investigation of the Seikels' claims, the United States declined to intervene in this action. ECF No. 76.

to competitors who have not even definitively established that they have a viable FCA claim against the Henderson Defendants or are qualified to bring these claims against the Henderson Defendants under the FCA. Accordingly, the Court should grant the Henderson Defendants' motion and enter a protective order.

## IV.     **CERTIFICATION**

In accordance with Federal Rule of Civil Procedure 26(c) and Local Rule of Civil Procedure 26.04, counsel for the Henderson Defendants certify that they have made a good faith effort to confer with counsel for the Seikels to narrow the areas of disagreement to the greatest possible extent.[9] By email dated June 29, 2023, counsel for the Seikels informed counsel for the Henderson Defendants, as well as counsel for the Alvarez Defendants, that the Seikels intended to serve requests for production and asked whether the Defendants would consent to service of discovery by email. Counsel for the Henderson Defendants responded by email on June 29, 2023, and expressed their position that discovery would be premature until the Court ruled on the pending motions to dismiss. Counsel for the Henderson Defendants in good faith asked if the Seikels would agree to a stay of discovery or if a motion to stay would be required. On June 30, 2023, counsel for the Seikels responded by serving the requests for production and stating that the Seikels could not consent to a stay of discovery and expected the Defendants' responses to the requests for production as prescribed by the rules. On July 28, 2023, after completion of the briefing of the Henderson Defendants' motion to stay discovery, while the motion remained pending, the Henderson Defendants requested that the Seikels agree to an extension of the deadline for the Henderson Defendants to respond to discovery until after the Court rules on the motion to stay discovery. Counsel for Seikels responded by email dated July 31, 2023, offering

---

[9] The email correspondence between the parties regarding the First Set of Requests for Production is attached hereto as Exhibit 3.

13

only a two-week extension "conditioned upon getting a response at that time" and clearly stated that they "[could not] agree to an extension tied to a decision on the motion to stay." Ex. 3. Because the Henderson Defendants' threshold objections to the discovery requests will not be resolved until the Court rules on the pending motions, an extension not tied to a ruling on the motion to stay would be insufficient, and the parties thus reached an impasse in their discussions.

## V.     CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants Jason P. Henderson, Energy Resource Group, LLC, and ET360, LLC respectfully request the Court to grant their motion and enter a protective order directing that the Henderson Defendants are not required to respond to the First Set of Requests for Production.

|  |  |
|---|---|
| STEPTOE & JOHNSON PLLC<br>OF COUNSEL | /s/     Shawn A. Morgan<br>Allison B. Williams (WV ID # 11329)<br>Shawn A. Morgan (WV ID # 6640)<br>Quentin T. Collie (WV ID # 13830)<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>(304) 933-8000<br>allison.williams@steptoe-johnson.com<br>shawn.morgan@steptoe-johnson.com<br>quentin.collie@steptoe-johnson.com<br><br>*Counsel for Defendants Jason P. Henderson, Energy Resource Group, LLC, and ET360, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July 2023, a true and correct copy of the foregoing "Henderson Defendants' Motion for Protective Order" was electronically filed and served through the Court's CM/ECF system on counsel of record listed as:

| | |
|---|---|
| BARON & BUDD, P.C.<br>OF COUNSEL | William G. Powers<br>Andrew M. Miller<br>The Watergate, 10th Floor<br>600 New Hampshire Avenue, NW<br>Washington, DC 20037 |
| POWELL & MAJESTRO, PLLC | Anthony J. Majestro<br>405 Capitol St., Suite P-1200<br>Charleston, WV 25301 |
| STINSON, LLP<br>OF COUNSEL | Marc R. Weintraub<br>100 South Ashley Drive, Suite 500<br>Tampa, FL 33602 |
| BAILEY & GLASSER, LLP<br>OF COUNSEL | Alexandra Langley Serber<br>Patricia M. Kipnis<br>209 Capitol St.<br>Charleston, WV 25301 |
| U.S. DEPT. OF JUSTICE | Christopher James Prezioso<br>Maximillian F. Nogay<br>U.S. Attorney's Office - Whg<br>PO Box 591<br>Wheeling, WV 26003<br><br>Elizabeth L. Coyne<br>U.S. Attorney's Office<br>615 Chestnut St, Suite 1250<br>Philadelphia, PA 19106 |

|  |  |
|---|---|
| STEPTOE & JOHNSON PLLC<br>OF COUNSEL | */s/     Shawn A. Morgan*<br>Shawn A. Morgan (WV ID # 6640)<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>(304) 933-8000<br>shawn.morgan@steptoe-johnson.com<br><br>*Counsel for Defendants Jason P. Henderson, Energy Resource Group, LLC, and ET360, LLC* |

16

17187307