IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOSEPH SEIKEL and TERENCE SEIKEL,<br><br>　Plaintiffs-Relators,<br><br>v.<br><br>DAVID B. ALVAREZ, APPLIED CONSTRUCTION SOLUTIONS, INC., ENERGY TRANSPORTATION LLC, ENERGY RESOURCE GROUP, LLC, ET360, LLC, BEAR CONTRACTING, LLC, BEAR UTILITIES, LLC, JASON P. HENDERSON, and JOHN DOES NOS., 1-50, FICTITIOUS NAMES,<br><br>　Defendants. | Civ. Action No. 1:23-cv-01 |

**RELATOR'S FIRST SET OF REQUESTS FOR PRODUCTION TO JASON P. HENDERSON, ENERGY RESOURCE GROUP, LLC, AND ET360, LLC**

　Pursuant to Rules 26 and 34, Relators hereby request that Defendants respond to the following requests for production within 30 days of service and produce all non-privileged responsive Documents within Your possession, custody, or control on a rolling basis to be concluded no later than 60 days after the date of service, or by another mutually agreeable date, Fed. R. Civ. P. 34(b)(1)(B).

Page **1** of **17**

**EXHIBIT 1**

## DEFINITIONS

1. "You," and "Your," means Jason P. Henderson, Energy Resource Group, LLC, and/or ET360, LLC including any parent, subsidiary, director, officer, employee, agent, attorney, or other individual, entity, or source within the possession, custody, or control of Jason P. Henderson, Energy Resource Group, LLC, and/or ET360, LLC.

2. Unless otherwise defined, all words in these Requests should be given their ordinary, common-sense meaning. To the extent You nevertheless find any words in these Requests to be vague or ambiguous, Relator invites You to meet and confer prior to providing Your response. To the extent You include any objection that a word is vague or ambiguous, provide the construction You gave to the word in responding.

3. "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons, including any subsequent amendment or addendum.

4. "Communication" is used in the broadest sense permitted by Federal Rules of Civil Procedure 26(b), 34(a), and 45(a), and means the transmission of information by any means reflected, summarized, or evidenced by a Document (*e.g.*, email, text message, letter, fax, voice mail, recorded telephone conversation, call notes that summarize a telephone conversation, a memorandum summarizing a meeting, meeting minutes, transcripts, calendar entries, meeting invites, PowerPoint slides, instant message conversations).

5. "Concerning" means consisting of, referring to, reflecting, regarding, relating, constituting, describing, evidencing, or being in any way legally, logically, or factually connected with the matter discussed.

6. "Document" is used in the broadest sense permitted by Federal Rules of Civil Procedure 26(b), 34(a), and 45(a), and includes electronically stored information ("ESI") and should be given the same meaning as that provided in Rule 34(a)(1)(A).

7. "Identify" as used herein, unless otherwise indicated:

   a. When used in reference to a person, refers to that person's full name, last known residence address, telephone number, email address, business and/or government affiliation, and business and/or government address, telephone number, and e-mail address;

   b. When used in reference to a corporation, refers to its full name, state of incorporation, address, telephone number, principal place of business, internet homepage address, and e-mail address;

   c. When used in reference to any entity other than a person or corporation, refers to its official name, organization form, address, telephone number, internet homepage address, and e-mail address;

   d. When used in reference to a Document or other recording (written, electronic, or otherwise), refers to the following, as applicable: the type of Document, its date (or approximate date), author, addressee, title, present location, the form in which it is maintained (*e.g.*, Document, computer file, posting on the internet, audio or video recording or any other form), the name and address of its custodian, and the substance of the contents thereof.

   e. When used in reference to a Communication (whether written, oral, electronic, or otherwise), refers to the form of the Communication (*e.g.*, telephone conversation, letter, telegram, teletype, telecopy, electronic mail, posting on the

Page **3** of **17**

internet, facsimile, written memorandum, face-to-face conversation, or any other form), the date (or approximate date) of the Communication or the dates (or approximate dates) on which the Communication was sent, posted, and/or received (if not the same), the parties to the Communication, the party who initiated it, the substance of the Communication, and the present location and the name and address of the custodian if the Communication was non-verbal, and/or any written memorialization of the Communication; and

f.  When used in reference to an act or event or occurrence, refers to the substance of each act or event or occurrence, including the facts that occurred and any Communication or information exchanged; the date, duration, and location of the act or event or occurrence; and persons attending or participating in the act or event or occurrence.

8. "PPP" means Paycheck Protection Program.

**INSTRUCTIONS**

1. Each answer should be preceded by identification and a verbatim quotation of the Request to which the answer responds. A separate answer should be accorded to each Request, and Requests should not be joined together and accorded a common answer.

2. Requests for "all Documents" and "all Communications" should be construed to mean all Documents or Communications that can be located, collected, and produced through a reasonable and proportional search. Relator invites You to meet and confer regarding the parameters of that search, including the identification of appropriate custodians and other repositories, the use of search terms, technology assisted review, and/or other methods of locating,

collecting, and producing responsive Documents. Relator reserves the right to challenge the adequacy of any search, particularly to the extent You conduct one without Relator's involvement.

3. In responding to these Requests, You should provide Documents and Communications within Your possession, custody, or control, as well as Documents and Communications in the possession, custody, or control of any of your agents, representatives, employees, servants, consultants, contractors, subcontractors, and any other person or entity acting or purporting to act on your behalf. Fed. R. Civ. P. 34(a)(1). This includes Documents and Communications that You have the right, authority, or practical ability to obtain from another person or entity. *See Mays v. Cabell Cnty. Bd. of Educ.*, No. 3:22-CV-00085, 2023 WL 2656760, at *5 (S.D.W. Va. Mar. 27, 2023).

4. Each answer must be as complete and straightforward as the information reasonably available to you permits. If you are unable to provide all of the documents, communications, or tangible things called for in any particular Request, provide all documents, communications, or tangible things that you are able to provide, state what you did to locate the documents, communications, and tangible things called for by the Request, and state the reasons for your inability to provide the remainder.

5. All Requests should be responded to fully and to the extent not covered by other Requests. However, these Requests are not intended to be duplicative. If there are documents, communications, or tangible things that are responsive to more than one Request, please so note and produce each such document only once. To the extent that different parts of a single document, communication, or tangible thing are relevant to different Requests, state with specificity which part or parts are relevant to which Request in accordance with these Instructions.

6. If any document, communication, or tangible thing responsive to any Request was, but is no longer in your actual or constructive custody, control, or possession, state whether each such document, communication, or tangible thing:

    a. Is missing or lost;

    b. Has been destroyed;

    c. Has been transferred voluntarily to others; or

    d. Otherwise has been disposed of.

In each instance, explain the circumstances surrounding the disposition of each document, communication, or tangible thing; identify the person or persons directing or authorizing its destruction or transfer; and state the date or dates of such direction or authorization. Further identify each such document, communication, or tangible thing by stating its author and addressee; describing the nature of such document, communication, or tangible thing; setting forth its date, subject matter, and content; and stating whether the document, communication, or tangible thing, or copies thereof, are still in existence, and, if so, their present location or locations.

7. Documents should be produced in the format specified in the Parties' Rule 26(f) Report at Docket No. 81, hereby incorporated by reference. Fed. R. Civ. P. 34(b)(1)(C).

8. Documents should be produced in their entirety, without deletion or excision (except as redacted for privilege), regardless of whether You consider the entire Document to be relevant or responsive to the Requests. *See, e.g.*, *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-MD-2879, 2020 WL 5525043, at *2 (D. Md. Sept. 14, 2020); *Wellin v. Wellin*, No. 2:13-CV-1831-DCN, 2015 WL 5781383, at *5 (D.S.C. Sept. 30, 2015); *In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, No. 2:12-MN-00001, 2013 WL 268206, at *3 (D.S.C. Jan. 24, 2013). All Documents must be produced with all attachments and enclosures regardless of whether You consider the attachment or enclosure to be relevant or responsive to the Request. Documents

extracted from a database should include all available data fields for the responsive entries unless otherwise mutually agreed.

9. Each document and communication should be logically unitized (produced in a separate file for each originally separate document or communication), produced in native format, and assigned consecutive Bates numbering. Do not combine multiple documents into a single PDF or otherwise commingle separate documents within the same file.

10. Responsive Documents withheld from Your production under the attorney-client privilege, the work product doctrine, or any other privilege should be identified on a privilege log. The parties should meet and confer regarding the format and content of privilege logs but, at a minimum, the privilege log should comport with the requirements of Rule 26(b)(5)(A) and all relevant caselaw construing that Rule.

11. If no Documents responsive to a particular Request exist or none are within Your possession, custody, or control, You are required to so state in Your response.

12. To the extent You lodge any objections to these Requests, Your objections must be stated "with specificity" and "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(B)–(C). Boilerplate objections are improper. *See Hager v. Graham*, 267 F.R.D. 486, 493 (N.D.W. Va. 2010).

13. For purposes of interpreting and construing the scope of any Request made herein, the terms shall be given their most expansive and inclusive interpretations, unless otherwise specifically limited in the Request itself. This includes, without limitation, the following:

   a. Construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the Request more inclusive;

   b. Construing "any" and "all" in the disjunctive or conjunctive as necessary to make the Request more inclusive; and

      c. Construing the singular form of the word to include the plural and the plural form of the word to include the singular.

14. Pursuant to Fed. R. Civ. P. 26(e), you must timely supplement any response to these Requests for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## RELEVANT TIME PERIOD

Unless otherwise mutually agreed, or indicated in the specific request, the "Relevant Time Period" for all Requests is January 1, 2011 through the last day of discovery in this case. Documents created or modified during the Relevant Time Period should be produced. In addition, Documents that predate the Relevant Time Period but that refer or relate to the Relevant Time period should be produced (*e.g.*, a contract or policy that was created before January 1, 2011 but that was still operative as of that date). In addition, Documents that predate the Relevant Time Period but that are necessary for a correct or complete understanding of Documents from within the Relevant Time Period should be produced (*e.g.*, if a contract addendum was created within the Relevant Time Period, the original contract created before the Relevant Time Period should be produced). Finally, Documents that are undated but otherwise responsive should be produced.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications Concerning Your PPP loans. This includes, but is not limited to, all Documents and Communications between You and the Federal Government, including the Department of Justice ("DOJ"), Small Business Administration ("SBA"), Internal Revenue Service ("IRS"), and any other governmental entities regarding Your PPP loans.

2.        All Documents and Communications between You and any third parties Concerning Your PPP loans, including but not limited to customers, vendors, financial institutions, lenders, creditors, employees, and boards for which Defendant Alvarez or Defendant Henderson currently hold a board seat or historically held a board seat, including but not limited to MVB Financial Corp., West Virginia University's Board of Governors, and Fairmont State University's Board of Governors.

3.        All PPP loan applications You submitted (or caused to be submitted). This includes, but is not limited to, all Documents supporting Your PPP loan application(s) such as the schedules used to calculate the requested loan amounts, quarterly IRS Form 941 forms, payroll registers supporting the 941s, income statements, balance sheets, and any other documents submitted to the SBA or any financial institutions in connection with the PPP loan applications.

4.        All PPP loan forgiveness applications You submitted (or caused to be submitted). This includes, but is not limited to, all Documents supporting Your PPP loan forgiveness applications such as supporting schedules used to calculate the requested loan forgiveness amounts, SBA's PPP Schedule A Worksheet for payroll-related costs, and SBA's non-payroll worksheets for mortgage interest, rent/lease expense, utility expense, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures.

5.        All Documents and Communications Concerning Your efforts, prior to the submission of Your PPP loan applications, to determine your eligibility for such loans. This includes, but is not limited to, any maximum tangible net worth analysis, any average net income analysis, any alternative size standard analysis, and any affiliation analysis.

6. All Documents and Communications Concerning Your eligibility to receive PPP loans after the submission of Your PPP loan applications. This includes, but is not limited to, any maximum tangible net worth analysis, any average net income analysis, any alternative size standard analysis, and any affiliation analysis.

7. All Documents and Communications Concerning Your certifications to the SBA that each of the Defendants was a small business per SBA rules and regulations and eligible to receive a PPP loan.

8. All Documents and Communications Concerning Your tax returns. This includes, but is not limited to, Your individual tax return forms, *e.g.*, IRS Form 1040, Your corporate tax return forms, *e.g.*, IRS Form 1120, and Your partnership tax forms, *e.g.*, IRS Form 1065, and any quarterly tax forms, *e.g.*, IRS Form 941. This also includes any reconciliation from federal taxable income to book net income.

9. All Documents and Communications Concerning Your articles of incorporation, members and/or shareholder agreements, operating agreements, bylaws, and any other corporate governance documents, and all amendments to such documents.

10. All Documents and Communications Concerning Your current and historical organizational structure. This includes, but is not limited to, organizational charts, employee job title listings, and any other documentation regarding the roles and responsibilities of Your employees and independent contractors. The Documents should also include information regarding the physical location where each employee works, and if remote, each employee's remote work location.

11. All Documents and Communications Concerning all Your active and inactive Master Service Agreements ("MSAs") and/or Framework Agreements.

12. All Documents and Communications Concerning all Your active and inactive vendor / service provider contracts, subcontracts, or other agreements, including for (but not limited to) services for DOT compliance, health, safety, and environmental functions, human resources, payroll processing, IT support, marketing and advertising, website design and support, search-engine optimization, email / domain hosting, corporate cell phones, corporate credit cards, and accounting, tax, or advisory services.

13. All Documents and Communications Concerning Your insurance policies and endorsements. This includes, but is not limited to, policies for commercial liability insurance, pollution liability insurance, auto liability insurance, property and casualty insurance, executive liability insurance, employment-practices liability insurance, workers compensation insurance, key person insurance, and umbrella coverage insurance. This request also includes, but is not limited to, insurance premium invoices.

14. All Documents and Communications Concerning services marketed or performed, products sold or transferred, and assets shared or transferred, between the You and any Defendant entity. This includes, but is not limited to, all related agreements, invoices, and work orders.

15. All Documents and Communications Concerning any equity purchase and/or sale agreements, debt and/or financing agreements, management agreements, subcontracting agreements, asset or equipment purchase or rental agreements, and lease or sublease agreements among the Defendants.

16. All Documents and Communications Concerning any equity purchase and/or sale agreements, debt and/or financing agreements, management agreements, subcontracting agreements, asset or equipment purchase or rental agreements, and lease or sublease agreements between the Defendants and any third parties. This includes, but is not limited to, agreements with

Matheny Motor Truck Company (and any of its affiliates), Caterpillar Financial Services Corporation, Rish Equipment Company, MVB Bank, Inc., Clear Mountain Bank, Inc., Earth Tool Company LLC, Summit Community Bank, Inc., United Bank, Wells Fargo Vendor Financial Services, LLC, West Union Bank, Allied Truck Leasing, LLC, Kubota Credit Corporation, U.S.A., Rudd Equipment Company, Komatsu Financial Limited Partnership, and HD Supply Waterworks LTD.

17. All Documents and Communications Concerning Your audited and/or reviewed financial statements. This includes, but is not limited to, balance sheets, income statements, and cash flow statements, and any notes to those audited or reviewed financial statements. If not included in the notes to the financial statements, provide documents sufficient to identify the basis of presentation (*e.g.*, US GAAP, IFRS, cash, etc.). If audited and/or reviewed financial statements are not available, please provide unaudited information.

18. All Documents and Communications Concerning the supporting schedules used to arrive at Your tangible net worth. At a minimum, please include: (1) each entity's detailed listing of all business assets as of March 27, 2020, including (at a minimum) each asset's unique ID, name, description, purchase price, purchase date, book value, residual value, and estimated fair market value; and (2) each entity's detailed listing of all business liabilities as of March 27, 2020, including lender, debtor and/or creditor, payment terms, security interest(s), original amount, origination date, and remaining balance.

19. All Documents and Communications Concerning all financial information that has been provided to the entities' shareholders, members, owners, management, accounting and/or tax consultants, banks, lenders, creditors, insurance companies, or other third parties.

20. All Documents and Communications Concerning all internally or externally prepared financial information (including business or asset valuations) You prepared for the Defendant entities and provided to any third party in connection with any potential merger, acquisition, sale, or other business transaction.

21. All Documents and Communications Concerning all debt, credit, or other financing agreements or arrangements, including, but not limited to, banking arrangements, and equipment leases, including signature pages and lists of authorized signers, You currently or historically held during the relevant time period, and all subsequent amendments to those agreements and arrangements.

22. All Documents and Communications Concerning Your accounting transactional level journal reports, which should include, at a minimum, transaction unique IDs, transaction sources, transaction dates, transaction entered dates, transaction types, descriptions, account numbers, account names, debit amounts, and credit amounts.

23. All Documents and Communications Concerning Your accounting information. This includes, but is not limited to, Your Chart of Accounts (including any changes), All Documents and Communications Concerning Your Accounts Receivable, Inventory, Fixed Asset, Accounts Payable, and Debt listings. If not evident, indicate how these reports reconcile to each entity's balance sheets.

24. All Documents and Communications Concerning Your bank account and other account reconciliations for Your balance sheet accounts.

25. All Documents and Communications Concerning the closure and/or potential closure of ET360.

26. All Documents and Communications Concerning the preparation of MVB Financial Corp.'s Form FR Y-6, "Annual Report of Holding Companies" filed with the Federal Reserve Bank of Richmond.

27. All Documents and Communications Concerning this litigation and the Federal Government's investigation into the Defendants.

28. All Documents and Communications You Identify under Fed. R. Civ. P. 26(a)(1)(A)(i). If the Documents of an individual You identified under Fed. R. Civ. P. 26(a)(1)(A)(i) are not within Your possession, custody, or control, please so state.

29. All testimony given by any individual You Identify in Your Initial Disclosures, or the Relator Identifies in its Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) regarding You in any respect, including deposition testimony, trial testimony, Congressional testimony, testimony given to any state legislative body, testimony given before any administrative proceeding, and any declarations or affidavits given under oath.

30. All Documents referenced in Your Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii).

31. All Documents You intend to rely on to impeach any witness.

32. All Documents You create in responding to these Requests.

33. Documents sufficient to Identify (a) the content, (b) date issued, and (c) personnel who received any litigation hold notification You issued for this case.

34. All Documents You obtain pursuant to any subpoena You issue in this case.

35. All Documents and Communications Concerning this case between You (including Your attorneys) and (a) the other Defendants (including their attorneys) or (b) any third party served with a subpoena in this case.

36. Documents sufficient to Identify Your policies Concerning retention, storage, or destruction of any Document.

37. All Documents referenced or Identified in any of Your interrogatory responses served in this case.

*/s/ Anthony J. Majestro*
Anthony J. Majestro, Esq. (WVSB #5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

William G. Powers (*pro hac vice*)
Andrew M. Miller (*pro hac vice*)
Baron & Budd, P.C.
The Watergate
600 New Hampshire Ave., NW, 10th Floor
Washington, DC  20037
Telephone:  202.333.4562
Facsimile:  202.337.1039
wpowers@baronbudd.com
amiller@baronbudd.com

*Counsel For Plaintiff-Relators*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. JOSEPH SEIKEL and TERENCE SEIKEL,**<br><br>  Plaintiffs-Relators,<br><br>v.<br><br>**DAVID B. ALVAREZ, APPLIED CONSTRUCTION SOLUTIONS, INC., ENERGY TRANSPORTATION LLC, ENERGY RESOURCE GROUP, LLC, ET360, LLC, BEAR CONTRACTING, LLC, BEAR UTILITIES, LLC, JASON P. HENDERSON, and JOHN DOES NOS., 1-50, FICTITIOUS NAMES,**<br><br>  Defendants. | Civ. Action No. 1:23-cv-01 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, I caused the foregoing RELATOR'S FIRST SET OF REQUESTS FOR PRODUCTION TO JASON P. HENDERSON, ENERGY RESOURCE GROUP, LLC, AND ET360, LLC to be served via first class mail and electronically via email on the following:

Christopher James Prezioso
Maximillian F. Nogay
United States Attorney's Office
Northern District of West Virginia
P.O. Box 591
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
Phone: (304) 234-0100
Fax: (304) 234-0110

Elizabeth L. Coyne
Assistant United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
215-861-8447
Fax: 215-861-8618

/s/ *Anthony J. Majestro*
Anthony J. Majestro, Esq. (WVSB #5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

William G. Powers (*pro hac vice*)
Andrew M. Miller (*pro hac vice*)
Baron & Budd, P.C.
The Watergate
600 New Hampshire Ave., NW, 10th Floor
Washington, DC  20037
Telephone:  202.333.4562
Facsimile:  202.337.1039
wpowers@baronbudd.com
amiller@baronbudd.com

*Counsel For Plaintiff-Relators*