# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA ex rel. JOSEPH SEIKEL and TERENCE SEIKEL,**

          **Plaintiffs-Relators,**

    **v.**

**DAVID B. ALVAREZ; APPLIED CONSTRUCTION SOLUTIONS, INC.; ENERGY TRANSPORTATION, LLC; ENERGY RESOURCE GROUP, LLC; ET360, LLC; BEAR CONTRACTING, LLC; BEAR UTILITIES, LLC; JASON P. HENDERSON; and JOHN DOES NOS. 1-50, FICTITIOUS NAMES,**

          **Defendants.**

Case No.: 1:23-cv-00001-TSK

## RELATORS' BRIEF IN OPPOSITION TO THE HENDERSON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

CONCLUSION .................................................................................................................. 6

CERTIFICATE OF SERVICE ......................................................................................... 7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Briggs v. City of Norfolk*,
  42 F. App'x 585 (4th Cir. 2002) ................................................................................5

*Brown-Thomas v. Hynie*,
  No. 1:18-CV-02191-JMC, 2019 WL 1043724 (D.S.C. Mar. 5, 2019) ................................2, 3

*Cofield v. City of Baltimore*,
  No. CIV.A. GLR-14-3976, 2015 WL 4040605 (D. Md. June 30, 2015) ................................5

*Greene v. Lassiter*,
  No. 1:19-CV-00224-MR, 2020 WL 3270390 (W.D.N.C. June 17, 2020) ..............................4

*Kron Med. Corp. v. Groth*,
  119 F.R.D. 636 (M.D.N.C. 1988) ............................................................................3

*Maxtena, Inc. v. Marks*,
  289 F.R.D. 427 (D. Md. 2012) ...............................................................................5

*Michelson v. Duncan*,
  No. 1:17-CV-50-FDW, 2018 WL 4474661 (W.D.N.C. Sept. 18, 2018) ................................5

*Valderrama v. Honeywell TSI Aerospace Servs.*,
  No. RWT 09CV2114, 2010 WL 5137894 (D. Md. Dec. 10, 2010) .......................................5

**Federal Statutes**

31 U.S.C. § 3730 ...................................................................................................2

**Rules**

Fed. R. Civ. P. 7(b)(2)............................................................................................2

Fed. R. Civ. P. 10(c) .............................................................................................2

Fed. R. Civ. P. 26.........................................................................................1, 2, 3, 4

Fed. R. Civ. P. 34.................................................................................................4

**INTRODUCTION**

Under the thin guise of a new motion for a protective order under Federal Rule of Civil Procedure 26(c), the Henderson Defendants again ask this court to fully relieve them of their responsibility to respond to discovery requests. The filing of essentially identical motions under Rule 26 seeking a stay of their discovery obligations—a stay which the Court alone can enter (and has already denied once)—is an abuse of motion practice and the discovery process.

Since the Court first denied a joint request for a stay of discovery, the parties agreed to a proposed schedule, the Court entered the Scheduling Order, and Relators prepared and served requests for production ("RFPs") on the Alvarez and Henderson Defendants. Only after being served with Relators' RFPs—and more than two months after filing their Motion to Dismiss—did the Henderson Defendants seek a stay of discovery via their Motion for Stay. Henderson Defs.' Mot. to Stay Disc. Pending Resolution Mot. to Dismiss, ECF No. 97. Moreover, on the very day that the Henderson Defendants' responses to Relators' First Set of RFPs were due, the Henderson Defendants opted to file the instant motion for a protective order without offering any new arguments or basis for asking that the Court relieve them of their obligation to respond to Relators' discovery requests.[1] Ultimately, the Henderson Defendants have failed in either motion to satisfy the "good cause" standard required for a protective order under Rule 26(c). Thus, for the same reasons that the Court should deny the motion for a stay of discovery, so too should the Court deny the Henderson Defendants' motion for a protective order.

---

[1] Not until the Friday (July 28, 2023) before the Monday (July 31, 2023) deadline to respond to Relators' RFPs did the Henderson Defendants contact counsel for Relators, only at that point to ask for an indefinite extension to answer the RFPs "until after the Court's ruling on the Henderson Defendants' motion to stay." *See* ECF No. 100-3 at 1 (emails exchanged between counsel concerning the Relators' First Set of RFPs). Relators offered a two-week extension, but the Henderson Defendants rejected that offer and refused to commit to answering the RFPs at all. Instead, the Henderson Defendants elected to file its Motion for Protective Order.

**ARGUMENT**

Because the Henderson Defendants' motion for a protective order is duplicative of their

motion for a stay of discovery in every meaningful way, it should be denied for the reasons set

forth in Relators' opposition to the Henderson Defendants' motion for a stay of discovery.

Therefore, Relators incorporate by reference the arguments made in their opposition to the

Henderson Defendants' motion for a stay of discovery (Relators' Br. Opp. the Henderson Defs.'

Mot. to Stay Disc., ECF No. 98). *See* Fed. R. Civ. P. 10(c); Fed. R. Civ. P. 7(b)(2). As explained

in Relators' opposition to the motion to stay discovery, the Henderson Defendants' conclusory

claim of an undue burden to produce documents is entirely insufficient to establish good cause,

ECF No. 98 at 9-11, particularly when their assertion rests "upon the presumption that their

Motion[] to Dismiss will be successful."[2] ECF No. 98 at 6 (quoting *Brown-Thomas v. Hynie*, No.

1:18-CV-02191-JMC, 2019 WL 1043724, at *7 (D.S.C. Mar. 5, 2019)); *see also* ECF No. 98 at 4-

8. Furthermore, that the Henderson Defendants operate in the same industry as Relators falls far

short of establishing good cause under Rule 26. ECF No. 98 at 11.

The Henderson Defendants' motion for a protective order is duplicative of their motion for

a stay of discovery in four fundamental ways. *First*, the basis for both motions is identical: Rule

26(c). *Compare* Henderson Defs.' Mot. For Protective Order 1, ECF No. 100 (seeking relief from

---

[2] This presumption by the Henderson Defendants is based, in part, on an erroneous understanding of the False Claims Act. The Henderson Defendants suggest that because Relators seek discovery of certain relevant documents, such as PPP loan applications, therefore the Relators are not insiders and the motion to dismiss is likely to be granted. ECF No. 100 at 8 n.5. But the False Claims Act ("FCA") does not require a relator to be an insider. Rather the FCA provides that a case may be dismissed where the allegations of fraud have been publicly disclosed through specific channels *and* where the relator is not an original source. 31 U.S.C. § 3730 (e)(4). As explained in Relators' opposition to the motions to dismiss, allegations of fraud by the Defendants have not been publicly disclosed, Relators' Br. Opp. Defs.' Mots. to Dismiss 5-8, ECF No. 93, and, regardless, Relators would qualify as original sources even if this fraud had been publicly disclosed, ECF No. 93 at 8-13.

2

the Court, "pursuant to Federal Rule of Civil Procedure 26(c), for entry of a protective order"),

*with* Mem. Supp. Henderson Defs.' Mot. to Stay Disc. Pending Resolution Mot. to Dismiss 1, ECF

No. 97-1 (bringing a "motion to stay discovery, pursuant to Federal Rule of Civil Procedure

26(c)(1)").[3] Courts in this circuit have noted that a motion for a stay of discovery under Rule 26 is

actually a request for a protective order. *E.g.*, *Brown-Thomas*, 2019 WL 1043724, at *4 ("In many

instances, '[a] motion to stay discovery is tantamount to a request for a protective order prohibiting

or limiting discovery pursuant to Rule 26(c) [of the Federal Rules of Civil Procedure].'" (quoting

*Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988)).

*Second*, both motions seek to relieve the Henderson Defendants of their obligation to

respond to Relators' RFPs. *Compare* ECF No. 100 at 14 (requesting "a protective order directing

that the Henderson Defendants are not required to respond to the First Set of Requests for

Production"), *with* ECF No. 97-1 at 10 (requesting "an order staying discovery pending resolution

of the Henderson Defendants' motion to dismiss").

*Third*, the arguments made in support of both motions are identical.[4] In their motion for a

protective order, the Henderson Defendants argue that responding to Relators' RFPs would be

unduly burdensome, ECF No. 100 at 5-8, 12-13, and that Relators seek confidential and proprietary

business information, ECF No. 100 at 8-11. These are exactly the same arguments that the

---

[3] That the Henderson Defendants refer to subsection one in their earlier motion to stay discovery makes no difference at all. Subsection one is the only provision of Rule 26(c) which gives the court the authority to issue an order excusing a party from otherwise responding to discovery requests. *See* Fed. R. Civ. P. 26(c).

[4] One argument which appears only in the Henderson Defendants' motion to stay discovery is that judicial economy supports granting their requested relief. ECF No. 97-1 at 10. When Relators pointed out that this "would compress the allotted time for discovery, requiring a heavier lift by the parties, and almost certainly the Court," ECF No. 98 at 8, the Henderson Defendants admitted that this result was "obvious," Reply Supp. Henderson Defs.' Mot. to Stay Disc. Pending Resolution Mot. to Dismiss, ECF No. 99 at 12. Perhaps that is why the Henderson Defendants omitted this argument from their motion for a protective order. *See* ECF No. 100.

Henderson Defendants made in their motion to stay discovery. ECF No. 97-1 at 6-8 (arguing that "requiring the Henderson Defendants to proceed with discovery while their motion to dismiss is pending would be inequitable and unduly burdensome"), ECF No. 97-1 at 10 (arguing that "the Henderson Defendants should not be burdened with extensive discovery, including the discovery of confidential and proprietary business information"). Notably, the Henderson Defendants twice admit that the arguments supporting their motion for a protective order are the same arguments supporting their motion for a stay of discovery. *See, e.g.*, ECF No. 100 at 6 ("As discussed in more detail in the briefing on the Henderson Defendants' motion to stay discovery…."), ECF No. 100 at 7 ("[F]or many of the same reasons that a stay of discovery would be appropriate pending resolution of the motion to dismiss, a protective order directing that the Henderson Defendants are not required to respond to discovery at this time would also be appropriate.").

*Fourth*, there are no new facts nor changed circumstances that might justify the Henderson Defendants' decision to essentially renew their motion for a stay of discovery. In fact, the only event that has occurred since the Henderson Defendants moved for a stay of discovery was the deadline for responding to Relators' RFPs, which came and went without response on the very day the Henderson Defendants filed their motion for a protective order. *See* Relators' First Set of RFPs to Jason P. Henderson, Energy Resource Group, LLC, and ET360, LLC 1, ECF No. 100-1 (citing Fed. R. Civ. P. 26 and 34).

At the end of the day, the Henderson Defendants' motion for protective order does nothing more than burden the court by creating congestion on the docket and unnecessarily raising the cost of litigation. That is precisely why parties that file duplicative motions are consistently chastised by courts in this circuit. *See, e.g., Greene v. Lassiter*, No. 1:19-CV-00224-MR, 2020 WL 3270390, at *1 n.1 (W.D.N.C. June 17, 2020) ("[F]iling duplicative motions … requesting the same relief

… only serves to further clog the Court's docket [and] slow the judicial process …."); *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 448 (D. Md. 2012) ("There is no excuse for filing duplicative motions that needlessly raise the costs of this litigation."); *Michelson v. Duncan*, No. 1:17-CV-50-FDW, 2018 WL 4474661, at *5 (W.D.N.C. Sept. 18, 2018) ("Plaintiff is admonished to stop filing duplicative motions. Repetitive and duplicative filings detract from potentially meritorious issues and unnecessarily burden the Court."). Such duplicative motions are therefore routinely denied without serious consideration of the merits. *See, e.g.*, *Cofield v. City of Baltimore*, No. CIV.A. GLR-14-3976, 2015 WL 4040605, at *3 (D. Md. June 30, 2015) (noting that "the Court [has previously] issued an Order summarily denying a number of duplicative motions filed by Cofield").

Ultimately, it is an abuse of the discovery process for the Henderson Defendants to file duplicative motions in an effort to impose a *de facto* stay of discovery,[5] rather than meaningfully seeking a compromise that did not require court intervention. Courts have found actions of this sort to be a sufficient basis for sanctions. *See, e.g.*, *Briggs v. City of Norfolk*, 42 F. App'x 585, 587–88 (4th Cir. 2002) (affirming sanctions order against plaintiff for "repeatedly delay[ing] and disrupt[ing] the orderly resolution of her claims by filing duplicative motions and memoranda"); *Valderrama v. Honeywell TSI Aerospace Servs.*, No. RWT 09CV2114, 2010 WL 5137894, at *4 (D. Md. Dec. 10, 2010) (sanctioning the plaintiff for filing duplicative motions which "increase[e] the expense and duration of litigation"). Though Relators are not seeking sanctions at this time, the conduct is nevertheless inappropriate, and the motion should accordingly be denied.

---

[5] The Henderson Defendants are apparently unwilling to negotiate any aspect of discovery until the Court decides the motions to dismiss. *See* ECF No. 100 at 14 ("[T]he Henderson Defendants' threshold objections to the discovery requests will not be resolved until the Court rules on the pending motions."). This assertion further evidences the Henderson Defendants' intent to unilaterally, independent of the Court, impose a stay of discovery.

**CONCLUSION**

For the foregoing reasons, and for the reasons expressed in Relators' opposition to the Henderson Defendants' motion to stay discovery, the Court should deny the Henderson Defendants' motion for a protective order.

/s/ Anthony J. Majestro
Anthony J. Majestro, Esq. (WVSB #5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

William G. Powers (*pro hac vice*)
Andrew M. Miller (*pro hac vice*)
Baron & Budd, P.C.
The Watergate
600 New Hampshire Ave., NW, 10th Floor
Washington, DC 20037
Telephone:  202.333.4562
Facsimile:  202.337.1039
wpowers@baronbudd.com
amiller@baronbudd.com

*Counsel For Plaintiff-Relators*

6

**CERTIFICATE OF SERVICE**

I certify that on August 14, 2023 the foregoing Relators' Brief in Opposition to the Henderson Defendants' Motion to Stay Discovery was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.


*/s/ Anthony J. Majestro*

7