IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**UNITED STATES OF AMERICA ex rel.**
**JOSEPH SEIKEL and TERENCE SEIKEL,**

    **Plaintiffs-Relators,**

v.                                                                              Civil Action No.: 1:23-CV-1
                                                                            (JUDGE KLEEH)

**DAVID B. ALVAREZ,**
**APPLIED CONSTRUCTION SOLUTIONS, INC.,**
**ENERGY TRANSPORTATION, LLC,**
**ENERGY RESOURCE GROUP, LLC,**
**ET360, LLC,**
**BEAR CONTRACTING, LLC,**
**BEAR UTILITIES, LLC,**
**JASON P. HENDERSON, and**
**JOHN DOES NOS. 1-50,**

**ORDER DENYING HENDERSON DEFENDANTS' MOTION FOR PROTECTIVE ORDER [ECF NO. 100] AND MOTION TO STAY DISCOVERY [ECF NO. 97] AND SETTING MATTER FOR STATUS CONFERENCE ON SEPTEMBER 26, 2023**

Presently pending before the Court is a motion for a protective order [ECF No. 100] filed on July 31, 2023 by Defendants Jason P. Henderson, Energy Resource Group, LLC, and ET360, LLC ("Henderson Defendants"). By Referral Order [ECF No. 103] entered on August 15, 2023, the Hon. Thomas S. Kleeh, Chief United States District Judge, referred the motion [ECF No. 100] to the undersigned Magistrate Judge for hearing and disposition. Further, presently pending before the Court is Henderson Defendants' motion to stay discovery pending resolution of motion to dismiss [ECF No. 97] filed on July 6, 2023. By Referral Order [ECF No. 111] entered on September 8, 2023, Judge Kleeh referred the motion [ECF No. 97] to the undersigned Magistrate Judge for hearing and disposition. As set forth on the record, the undersigned understands that both Henderson Defendants and Plaintiff-Relators have agreed that the referred motions are virtually the same. In general terms, this is a *qui tam* action brought under the False Claims Act.

As to the motion for a protective order [ECF No. 100], Henderson Defendants raise three arguments in support of an entry of a protective order regarding Plaintiff-Relators' First Set of Requests for Production to Henderson Defendants. First, Henderson Defendants argue that their motion to dismiss [ECF No. 87] and motion to stay discovery [ECF No. 97] are pending before this Court and if they are granted, discovery would be unnecessary. Second, Henderson Defendants argue that Plaintiffs-Relators are requesting confidential and proprietary business information that Henderson Defendants are seeking to protect. Third, Henderson Defendants contend that the requests are overbroad and unduly burdensome. Plaintiffs' position is that Henderson Defendants' claim of undue burden to produce the requested documents is insufficient to establish good cause when based upon the presumption that their Motion to Dismiss will be granted. Further, Plaintiffs explain that this motion is duplicative of the motion to stay discovery and thus an abuse of the discovery process. However, as above-noted and set forth on the record, both parties agreed that the two pending motions are duplicative.

As to the motion to stay discovery [ECF No. 97], Henderson Defendants raise three arguments in support of a stay of discovery pending a ruling on Henderson Defendant's motion to dismiss. First, if a stay is not granted, Henderson Defendants argue that production of extensive discovery would be inequitable and burdensome if the motion to dismiss were to dispose of all claims in Plaintiffs' Amended Complaint. Second, Plaintiffs would not be prejudiced by a stay of discovery because discovery is not necessary to adjudicate Henderson Defendants' motion to dismiss. Third, Henderson Defendants contend that a stay of discovery should be granted to further the interest of judicial economy because the anticipating ruling on the motion to dismiss may prevent wasting time and effort.

In support of the motion to stay discovery, Henderson Defendants cite to a series of cases regarding the False Claims Act where a motion to stay discovery was granted while a motion to dismiss is pending. *United States ex rel. Williams v. Medical Support L.A., Inc.,* No. SA CV 20-00198-CBM (DFMx), 2021 WL 4816607, at *1 (C.D. Cal. May 7, 2021) (providing that a plaintiff "should not be able to use an inadequate complaint" to discover unknown wrongs); *Fernandez v. Freedom Health*, No. 8:18cv1959-MSS-JSS, 2021 WL 2954309, at *1 (M.D. Fla. Mar. 25, 2021) (providing that "discovery should follow the filing of a well-pleaded complaint"); *United States ex rel. Ernst v. Coll. Park Ancillary, LLC*, No. 2:19cv02085-TC, 2021 WL 533830, at *2 (D. Kan. Feb. 12, 2021) (agreeing that a ruling on the dispositive motion could conclude the case); *Christina Paul & Florida v. Biotronik, Inc.*, No. 8:18cv396-T-36JSS, 2020 WL 13369048, at *3 (M.D. Fla. Oct. 16, 2020) (finding that the Relator's complaint lacked sufficient allegations and may be subject to dismissal); *United States ex rel. Modglin v. DJO Global Inc.*, No. CV 12-07152 MMM (JCGx), 2014 WL 12564275, at *2 (C.D. Cal. Feb. 20., 2014) *(*stating that one purpose of Rule 9(b) is to prevent the filing of complaints as a ploy to discover unknown wrongs).

Plaintiffs' position is that, in addition to the Court having previously denied a joint motion to stay discovery, Henderson Defendants' rationale for seeking a stay of discovery does not amount to good cause. Rather, Plaintiffs argue, Henderson Defendants offer only general and conclusory arguments that is necessary for the Court to stay discovery. Further, Plaintiffs stated that Henderson Defendants intentionally waited to file this motion two months after their motion to dismiss was filed and after the parties agreed to a proposed schedule which the Court entered.

The undersigned understands that Henderson Defendants are awaiting the resolution of the motion to dismiss before producing the requested discovery. The motion to dismiss [ECF No. 87] is pending before the U.S. District Judge and the motion to stay discovery [ECF No. 97] and motion

for a protective order [ECF No. 100] have been referred to the undersigned. For this Court to rule on the Henderson Defendants' motions, it must, by necessity, make a preliminary analysis of the motion to dismiss filed herein.

A movant must pass a high threshold for prevailing on a motion to dismiss. To state a claim for relief, a complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement serves, simply, to give "the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Outside of pleading fraud and other special matters, detailed factual allegations are not necessarily required. Twombly, 550 U.S. at 555. The factual allegations simply must be "enough to raise a right to relief above the speculative level." Id. The "sheer possibility that a defendant has acted unlawfully" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facial plausibility is established when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, if a complaint is alleging fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(a)(b).

Here, a preliminary review of Plaintiffs' Amended Complaint [ECF No. 80] suggests that the allegations are stated with particularity and provide enough factual allegations that may survive a motion to dismiss.[1] Withholding Plaintiffs' opportunity to gather discovery to help build their

---

[1] Plaintiff's Amended Complaint [ECF No. 80] is 59 pages in length and details the allegations including Defendants' entities, number of employees, and affiliations. Thus, while it is of course within the presiding District Judge's purview to decide such dispositive motions, for purposes of the review here, the pleading plausibly will satisfy the standard for alleging fraud.

4

case in anticipation of an undecided ruling on a motion to dismiss is not constructive to this case's trajectory and progress. The Court has considered the cases cited in Henderson Defendants' brief and asserted on the record. All the cases share a common thread that underlines the analysis: the inadequacy of the complaint. In those cases, the failure to plead with particularity led to to the granting of a motion to stay pending a ruling on a motion to dismiss.

Here, however, the Amended Complaint is distinguishable because of the level of detail provided in the allegations. Upon a preliminary analysis, it is plausible that the Amended Complaint satisfies the particularity requirement of Rule 9(b) concerning allegations of fraud and thus survives a motion to dismiss.

Therefore, the undersigned declines to grant the motion for a protective order and the motion to stay discovery simply because Defendants' motion to dismiss is pending. Given the detail and extensiveness of the Amended Complaint, it is far from clear that the motion to dismiss will be granted. Thus, the undersigned **DENIES** Henderson Defendant's motion for a protective order [ECF No. 100] and motion to stay discovery [ECF No. 97] for the reasons set forth in this order. It is so **ORDERED**.

For the reasons stated herein, the motion to compel [ECF No. 100] and the motion to stay discovery pending resolution of the motion to dismiss [ECF No. 97] are hereby **DENIED**. It is so **ORDERED**.

Accordingly, it is hereby further **ORDERED** that a Status Conference concerning the scope of discovery and any necessary protective order, is scheduled before the undersigned on **September 26, 2023 at 2:00 p.m.** at the Clarksburg point of holding court, Third Floor, in the Magistrate Judge Courtroom.

The Motion Hearing will be conducted remotely, **using the Court's Zoom videoconferencing/teleconferencing credentials.** To join the meeting, participants may connect either by video or by telephone. Participants can connect by video by using the following link: https://www.zoomgov.com/j/1605681245?pwd=OU1BTDFQUDkraHA4U3Zpd1BIQW0rQT09 . Alternatively, participants may connect by telephone by calling (646) 828 7666, then entering Meeting ID 160 568 1245 and Passcode 43281. If participants have trouble connecting, they may contact Magistrate Judge Aloi's Law Clerk, Nakia Ridgeway, directly by calling (304) 623-7172 or sending e-mail to nakia_ridgeway@wvnd.uscourts.gov.

Further, the parties are **ORDERED** to meet and confer, by telephone or other real-time means of communication, as to Henderson Defendant's objections to the scope of discovery prior to the hearing scheduled herein. If the parties resolve all of the matters raised, counsel for the movant shall notify the Court forthwith, by contacting the above-noted Law Clerk. If the parties do not resolve the matters raised in the motion, the Court will inquire as to the same during the aforementioned hearing.

It is all so **ORDERED**.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: September 19, 2023.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE