## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG

UNITED STATES OF AMERICA ex rel.
JOSEPH SEIKEL and TERENCE SEIKEL,

      Plaintiffs-Relators,

v.

DAVID B. ALVAREZ, APPLIED
CONSTRUCTION SOLUTIONS, INC.,
ENERGY TRANSPORTATION LLC,
ENERGY RESOURCE GROUP, LLC,
ET360, LLC, BEAR CONTRACTING, LLC,
BEAR UTILITIES, LLC, JASON P.
HENDERSON, and JOHN DOES NOS., 1-
50, FICTITIOUS NAMES,

      Defendants.

Case No. 1:23-cv-01

### AMENDED PROTECTIVE ORDER

By signing this Amended Protective Order, the Parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. To avoid any doubt, this Amended Protected Order supersedes the Protective Order previously submitted by the Parties. ECF 82. The Parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party.

The terms of this Amended Protective Order are as follows:

1.    **Applicability**. This Amended Protective Order is applicable to the Plaintiffs, Defendants, any additional parties joined in this civil action, and any non-parties required to respond to discovery in this Proceeding, for the sole purpose of facilitating discovery in this civil action and protecting the confidentiality and other interests of the Parties and non-parties throughout the pendency of this civil action, including through trial and any subsequent appeals.

1

2.      **Terms**. For purposes of this Order, the following terms are defined as follows:

a.      "**Person**" refers to all natural persons, corporations, unincorporated associations, partnerships, limited liability companies, joint ventures, or other artificial persons of any kind no matter how identified or how organized, and their directors, officers, employees and agents.

b.      "**Documents**" are defined under Fed. R. Civ. P. 34(a).

c.      "**Testimony**" includes all depositions, affidavits, declarations, and discovery responses.

d.      "**Confidential**" or "**Confidential Information**" or "**Confidential Material**" in this Order means any information of any type, kind or character that a designating party designates as "Confidential," whether it be a document, information in a document, or information disclosed during a deposition, in an interrogatory answer, or otherwise that the party or its counsel in good faith represents as containing proprietary, trade secret, commercially valuable, competitively sensitive, and/or private information the confidentiality of which the asserting party has an obligation, legal duty, or right to protect. All such Confidential documents or testimony in this action are subject to the terms of this Protective Order.

e.      "**Proceeding**" in this Order means *U.S. ex rel. Joseph Seikel and Terence Seikel v. David B. Alvarez, Applied Construction Solutions, Inc., Energy Transportation LLC, Energy Resource Group, LLC, ET360, LLC, Bear Contracting, LLC, Bear Utilities, LLC, Jason P. Henderson, and John Does Nos., 1-50, Fictitious Names*, Case No. 1:23-cv-01 (N.D.W.V.)

3.      **Scope of Use.** All "**Confidential**," "**Confidential-Attorneys' Eyes Only**," and "**Confidential-Outside Counsel Only**" information produced or exchanged in the course of this Proceeding shall be used solely for the purpose of prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Amended Protective Order.

4.      **Designation of Information**. Any document, data, testimony, interrogatory answer, response to a request for production, response to a request to admit, exhibit, and other information produced, served or otherwise disclosed to or by any Party or non-party during the Proceeding as "**Confidential**," "**Confidential-Attorneys' Eyes Only**," or "**Confidential-Outside Counsel Only**" (collectively "Confidential Material") shall be in the manner that is consistent with the definitions and procedures set forth in this Amended Protective Order. Documents previously produced by or received by the Parties shall be retroactively designated by notice in writing by Bates number or such other means that will allow for the identification of such documents. Such retroactively designated documents should be reproduced as an overlay with the new designations in a manner consistent with the terms of the Parties' ESI agreement. The inadvertent failure by a Party or non-party to designate specific documents or materials as containing Confidential Material shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to each Party of such failure to designate, each Party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

5.      Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies

under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass indiscriminate, bulk, or routinized designations are prohibited and may expose the Designating Party to sanctions.

a.      **"Confidential" Designation**. A Party or non-party may designate as "Confidential" any Confidential Material that it reasonably and in good faith believes contains any non-public trade secret, other personal information of any Party or non-party, or other non-public confidential research, development, or commercial information, as referenced in Fed. R. Civ. P. 26(c)(1)(G), provided that the confidentiality has been subject to efforts to maintain confidentiality that are reasonable under the circumstances.

b.      **"Confidential−Attorneys' Eyes Only" Designation**. A Party may designate as "**Confidential-Attorneys' Eyes Only**" any Confidential Material that it reasonably and in good faith believes is of such a commercially or competitively sensitive nature that disclosure to persons other than those listed in paragraph 12 could reasonably be expected to result in injury.

c.      **"Confidential-Outside Counsel Only" Designation**. A Party may designate as "**Confidential-Outside Counsel Only**" any Confidential Material that it reasonably and in good faith believes is of such a commercially or competitively sensitive nature that disclosure to persons

other than those listed in paragraph 13 could reasonably be expected to result in injury.

5.     **Document Production and Exhibits**. Documents containing Confidential Material, and any copies thereof, shall be stamped or marked in a manner consistent with the terms of the Parties' ESI agreement, i.e., that they are prominently designated "**Confidential**," "**Confidential-Attorneys' Eyes Only**," or "**Confidential-Outside Counsel Only**" on each page as to which confidentiality is claimed. Said stamps or markings shall be made so as not to obscure any of the Confidential Material's content.

6.     **Production or Disclosure of Information.** Any Party or non-party may designate documents and ESI that is exchanged, whether in response to formal or informal requests, as "**Confidential**," "**Confidential-Attorneys' Eyes Only**," or "**Confidential-Outside Counsel Only**" by (a) including a statement that such information is "**Confidential**," "**Confidential-Attorneys' Eyes Only**," or "**Confidential-Outside Counsel Only**" in the answer or response or (b) designating such information as "**Confidential**," "**Confidential-Attorneys' Eyes Only**," or "**Confidential-Outside Counsel Only**" thereafter as provided in this Amended Protective Order.

7.     **Depositions**. A deposition or portion thereof may be designated as "**Confidential**," "**Confidential−Attorneys' Eyes Only**," or "**Confidential-Outside Counsel Only**" by making that designation on the record during the deposition or by denominating by page and line those portions of the deposition which are to be considered "**Confidential**," "**Confidential-Attorneys' Eyes Only**," or "**Confidential-Outside Counsel Only**" within forty-five (45) days of receiving the transcript and exhibits and so informing all Parties of the designation. Until the forty-five-day period has passed, the deposition transcript shall be treated

as  "**Confidential-Attorneys' Eyes Only**." If testimony is orally designated as "**Confidential**," "**Confidential-Attorneys' Eyes Only**," or "**Confidential-Outside Counsel Only**" during the course of a deposition, the court reporter shall transcribe the pages so designated in a separate volume marked "**CONFIDENTIAL**" or "**CONFIDENTIAL-ATTORNEYS' EYES ONLY**" or "**CONFIDENTIAL-OUTSIDE COUNSEL ONLY**." Any portion of a deposition so designated, or separately bound, shall not be filed with the court, except in accordance with paragraph 9 of this Amended Protective Order. Notwithstanding the above, when notified to do so, persons attending depositions, other than the witness and his or her outside counsel provided that the witness and his or her outside counsel have signed the appropriate Attachment to this Amended Protective Order, must leave the room before any discussion of any Confidential Material, or any excerpts, summaries, or information derived therefrom, that the person is not entitled to review under this Amended Protective Order.

8.      **Documents Produced by Non-Parties**. With respect to any document or ESI or other material that is produced or disclosed by any non-party without a designation of "**Confidential**," "**Confidential-Attorneys' Eyes Only**," or "**Confidential-Outside Counsel Only**," any Party may designate such material as Confidential Material within thirty (30) days of actual knowledge of the production or disclosure of the material, or such other time as may be agreed upon by the Parties.

      a.      Parties may designate such material by sending written notice of a designation to all other Parties in possession or custody of such previously undesignated material. The designating Party shall either provide the Bates number(s) of the material in the written notice or provide a copy of the designated material bearing the appropriate legend. Within thirty (30) days

of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice or copy of the designated material pursuant to this subparagraph shall return to the designating Party all undesignated copies of such material in their custody or possession, shall inform the designating Party that all undesignated copies of such material in their custody or possession have been discarded, or shall affix the legend to all copies of such designated material in their custody or possession.

b.      Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated material or information contained therein, except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated material of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated material in the possession of any person not permitted access to such information under the terms of this Order.

c.      No Party shall be deemed to have violated this Order for the sole reason that such material has been disclosed or used in a manner inconsistent with the subsequent designation, prior to notification of the subsequent designation.

9.      **Documents Generated During Suit.** All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, quote, paraphrase, summarize, or otherwise contain information from Confidential

Material, if filed with the court, shall either be redacted from the court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as Confidential Material) or may be filed under seal pursuant to the rules governing sealed documents, as set forth in CM/ECF procedures of the United States District Court for the Northern District of West Virginia. No separate permission needs to be sought regarding the redaction of public filings or the filing of any such submissions under seal. Any Party shall have the right to seek a judicial determination, post-filing, of whether any Confidential Material should remain under seal, after following the process for challenging designations set forth in paragraph 16.  Any courtesy copies served on the court shall be unredacted and complete, and shall be filed in an envelope labeled with the caption of the suit, a reference to the corresponding document number on file with the court, and marked "**Filed Under Seal**" along with the words "**Confidential**," "**Confidential–Attorneys' Eyes Only**," or "**Confidential–Outside Counsel Only**" and the following statement: "**THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE AMENDED PROTECTIVE ORDER ENTERED BY THE COURT IN THIS LITIGATION**." Copies of the unredacted documents containing Confidential Material sent to the Court shall also be served on the parties via email or electronic means provided the files are password protected and the password is transmitted separately.

      10.    **Restrictions on Use of Confidential Material**. Except as agreed by the designating Party or its counsel or as otherwise provided herein, Confidential Material, and any excerpts, summaries, or information derived therefrom:

        a.      shall be maintained in confidence;

        b.      may be disclosed only to persons entitled to access thereto under the terms of this Amended Protective Order;

        c.      shall be used by such persons to whom it is disclosed only for the

purposes of prosecuting or defending this Proceeding, including appeals, and for no other purpose; and

d.      may be photocopied or otherwise reproduced only as reasonably necessary for this Proceeding; and

e.      will be securely destroyed or returned at the conclusion of this Proceeding pursuant to the provisions of paragraph 22 below.

Nothing herein shall prevent disclosure beyond the terms of this Amended Protective Order if the Party or non-party designating the information as Confidential Material consents in writing to such disclosure of its designated material. Nothing herein prevents the use of Confidential Material, in the examination or cross-examination in this Proceeding of any person who is indicated on the documents as being an author, source, or bona fide recipient, or who is reasonably expected to possess knowledge of the information discussed in the document, or the designated representative of any person who has been tendered to testify about matters of or concerning the Confidential Material, irrespective of which Party or non-party produced such information.

11.     **Authorized Users of "Confidential" Material**. Except as agreed in writing by the designating Party or as otherwise provided herein, information subject to this Amended Protective Order, or extracts, summaries, or information derived therefrom, shall not be disclosed or shown to any person except the following:

a.      In-house counsel for any Party engaged in the litigation of this Proceeding and the employees and personnel who work with such

attorneys to whom it is necessary that the material be shown for purposes of this Proceeding.

b.    Outside counsel for any Party engaged in the litigation of this Proceeding and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Proceeding.

c.    Any individual Party, as well as employees or former employees of a corporate Party engaged in assisting that Party's attorneys in the conduct of this Proceeding, to the extent reasonably necessary to enable the attorneys for that Party or client to render professional services in the Proceeding. Confidential Materials will not be disclosed to a former employee until that employee has signed and delivered to counsel for the Party that is the former employer a statement in the form annexed hereto as **Attachment A**. Confidential Materials will not be disclosed to an individual or an individual representative of any Party until that person has signed and delivered to counsel for the Plaintiffs a statement in the form annexed hereto as **Attachment A**.

d.    An "Independent Expert," after such Independent Expert has signed and delivered to counsel for the Party who provided the Confidential Material to the Independent Expert a statement in the form annexed hereto as **Attachment B**. An Independent Expert means an individual expert and/or individual independent consultant retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties. Any person who is currently an employee of a Party or any non-Party entity that

10

is a service provider in the oil and gas industry cannot be retained as an Independent Expert or continue to serve as an Independent Expert.

To the extent that an expert serving as an Independent Expert during the course of this litigation ceases to meet the criteria for Independent Experts set forth in this paragraph, the expert can no longer serve in the capacity of an Independent Expert retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties. Any person who was entitled to view confidential materials solely as an Independent Expert, notwithstanding the fact that he or she is no longer serving as an Independent Expert in this litigation, is still bound by the provisions of this Protective Order until the conclusion of this proceeding, or until four years after the Expert has last reviewed Confidential Materials, whichever is earlier. An Independent Expert, or a Party acting on his or her behalf, may seek relief from the Court (or the Magistrate if so Ordered) from the provisions of this Protective Order at any time. In addition, before showing an Independent Expert certain Confidential Materials, a Party may seek a ruling that the specific Confidential Materials may be reviewed by the Independent Expert without making the Independent Expert in violation of the restrictions contained in in this subparagraph. A Party is entitled to seek this relief from the Court without disclosing the identity of the Independent Expert to the Opposing Party(ies). The request should identify the specific Confidential Materials proposed to be reviewed and provide reasonable specificity about the role and expertise of

the Independent Expert with respect to the limitations provided in this subparagraph. All Parties will have the opportunity to oppose such a request; however, they will not be entitled to learn information about the identity of the Independent Expert prior to disclosure of such expert pursuant to the Federal Rules of Civil Procedure. The Court or its appointed representative, if necessary to the disposition, may ask for, or receive, information about the proposed Independent Expert's identity *in camera*.

e.   A Party's outside service-providers and consultants regarding document and ESI processing, hosting, review, and production, which includes any e-Discovery consultants and trial consultants provided such persons have signed and delivered to counsel for the Party retaining the outside service-provider a statement in the form annexed hereto as **Attachment A**.

f.   A deponent who is the author, bona fide recipient, or is reasonably expected to possess knowledge of the information discussed in the document, but only in connection with the preparation for or during the course of a noticed deposition in this Proceeding, and provided that the deponent has executed an appropriate agreement to be bound by this Amended Protective Order. A deponent, by virtue of that status alone, shall not be entitled to access or view any Confidential Material that they cannot otherwise access or view under the other provisions of this Amended Protective Order.

g.   A court reporter and videographer in connection with the course of a

deposition in this Proceeding, provided that such persons have signed the appropriate attachment(s) to this Amended Protective Order.

h.      The court, other court officials (including court reporters), and the trier of fact pursuant to a sealing order.

12.      **Authorized Users of "Confidential–Attorneys' Eyes Only" Material**. Except as agreed in writing by the designating Party or as otherwise provided herein, no information that is designated "Confidential–Attorneys' Eyes Only" pursuant to this Amended Protective Order, or extracts or summaries therefrom, shall be disclosed or shown to any person except those persons listed in paragraphs 11(a), (b), (d), (e), (f), (g) and (h).

13.      **Authorized Users of "Confidential–Outside Counsel Only" Material**. Except as agreed in writing by the designating Party or as otherwise provided herein, no **"Confidential–Outside Counsel Only"** Material subject to this Amended Protective Order, or extracts or summaries therefrom, shall be disclosed or shown to any person except those persons listed in paragraphs 11(b), (d), (e), (f), (g) and (h). Nevertheless, upon a request from any Party, a designating Party may, at its own discretion, agree in writing to disclose or show its own designated "**Confidential—Outside Counsel Only**" material to the persons listed in paragraph 11(a).

14.      **Use of "Confidential–Attorneys' Eyes Only" Materials and "Confidential–Outside Counsel Only" Materials at Depositions**. With respect to deponents:

a.      A deponent can only be shown "**Confidential—Attorneys' Eyes Only**" and/or "**Confidential—Outside Counsel Only**" materials during the preparation for or course of a deposition if the deponent is the author or bona fide recipient of the materials, or is reasonably expected to possess knowledge of the information discussed in the materials.

13

b.      The restrictions on the use of "**Confidential−Attorneys' Eyes Only**" and/or "**Confidential−Outside Counsel Only**" Materials with a deponent do not apply to use of a Party's own so-designated Materials with its directors, officers, employees or retained experts of that Party who are being deposed.

15.      **Disclosure to Unauthorized Persons**. If counsel for a Party wishes to disclose Confidential Material subject to this Amended Protective Order, or extracts, summaries, or information derived therefrom, to any person not designated in paragraphs 11-13 above, they must proceed in the following manner: the names of the person(s) to whom the Confidential Material is to be disclosed and a description of the Confidential Material to be disclosed to such person(s) shall be provided in writing to lead counsel for all Parties twenty-one (21) days in advance of disclosure to afford counsel an opportunity to object to disclosure. If no objection is made within the twenty-one (21) day period, disclosure to such named person(s) may be made after the expiration of the twenty-one (21) day period. If an objection is made within the twenty-one (21) day period, the Party proposing the disclosure must seek an order from the court to allow the proposed disclosure, and the Confidential Material shall not be disclosed pending a decision by the court on that motion, unless the objection is withdrawn. Any person who becomes authorized to receive Confidential Material pursuant to this paragraph (whether such authorization arises from the lack of an objection or from the court's ruling on a motion for disclosure) shall, prior to the receipt of Confidential Material, execute and deliver to the Party who produced or designated the Confidential Material a statement in the form annexed hereto as **Attachment A**. Disclosures made to all persons to whom disclosures are permitted pursuant to this paragraph shall be made subject to and in accordance with the terms of this Amended Protective Order. To the extent that a Party or its counsel

receives a discovery request or subpoena in another case for Confidential Materials of any Party or non-party, such Party shall notify counsel for the Party, non-party, and/or designating party whose material is sought in writing within five (5) business days of the receipt of such request or subpoena or otherwise within a reasonable time that allows the Party or non-party whose Confidential Material is sought to seek to protect it from disclosure. The Party subject to such discovery request or subpoena shall not produce or disclose the requested Confidential Materials absent the written consent of the Party or non-party whose Confidential Material is sought or if a court of competent jurisdiction orders the production.

16.      **Challenging Designation**. The party asserting confidentiality bears the burden of establishing that the document or testimony is Confidential Material. If any Party reasonably and in good faith believes that any Confidential Material has been misclassified under this Amended Protective Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Amended Protective Order, that Party must notify the designating Party or non-party in writing and provide a description of the Confidential Material (to include a Bates number identifier for each individual item for which a designation challenge is made), and a concise statement of the basis for the challenge as to each individual document or other item so-identified, which the objecting Party believes should be released from some or all of the constraints of this Amended Protective Order, and serve copies of such notice to all other Parties and the producing non-party if applicable. The designating party will within seven (7) days, consistent with Rule 6 of the Federal Rules of Civil Procedure, respond in writing to any notification by either (i) modifying or withdrawing all or part of the designation as Confidential or Confidential Protected Health Information, or (ii) if declining to redesignate any part of the Confidential or Confidential Protected Health Information designation, setting forth the reason(s)

supporting the designation as Confidential or Confidential Protected Health Information. If, after conferring about the dispute, the objecting party and the designating party are not able to resolve the dispute, the designating party has fourteen (14) days, consistent with Rule 6 of the Federal Rules of Civil Procedure, from receipt of the written objection to move the court for any order regarding the designation. The protection of the Confidential Material afforded by the Amended Protective Order shall continue as originally designated until the court issues an order on the motion. To facilitate efficient discussions and encourage non-judicial resolution, Plaintiffs and Defendants shall identify "Liaison Counsel" for each side to assist with the coordination of all such meet and confers.

17.     **Use of Confidential Material at Trial**. Confidential Material, or extracts, summaries, or information derived therefrom, retain confidential status even if used in this Proceeding, including at trial. The Party using Confidential Material shall take all reasonable steps to maintain confidentiality of the Confidential Material during such use by redacting documents or testimony to the extent possible, requesting that the court seal any transcript or exhibits with respect to the Proceeding, or moving for the sequestration of unauthorized persons.

18.     **No Waiver**. Production pursuant to this Amended Protective Order shall not be deemed a waiver of:

    a.     any Party's or non-party's right to object to any discovery requests on any ground;

    b.     any Party's right to seek an order compelling discovery with respect to any discovery request;

    c.     any Party's right to object to the admission of any evidence on any ground in this Proceeding;

      d.     any Party's or non-party's use and review of its own  documents and its

            own Confidential Material in its sole and complete discretion; or

      e.     the status of any material as a trade secret or confidential commercial

            information.

19.    **Responsibility of Counsel**. Counsel for the Parties to whom Confidential Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Amended Protective Order and for securing execution of and retaining any executed version of the statement attached hereto as **Attachment A** when required under the provisions of this Amended Protective Order.

20.    **Modification of Order**. This Order may be modified or amended either by written agreement of the Parties submitted to the court for approval or by order of the court upon good cause shown.

21.    **Non-Party  Material**. To the extent that the Parties produce documents received from non-parties that have been designated by non-parties as Confidential Material, those documents shall be treated as Confidential Material in accordance with the terms of this Amended Protective Order, and any testimony concerning the contents of those documents shall likewise be treated as Confidential Material in accordance with the terms of this Amended Protective Order.

22.    **Conclusion  of  Proceeding**. The provisions of this Amended Protective Order shall  continue in effect with respect to any Confidential Material until expressly released by the Party or non-party designating the Confidential Material, and if applicable, such effectiveness shall survive the final determination of this Proceeding. Within ninety (90) days of the final determination of this Proceeding, including any appeals, all Confidential Material, including all hard and electronic copies, derivations, and summaries thereof, shall be either (a) returned to the

disclosing Party or non-party; or (b) securely destroyed or deleted, with a written certification of such secure destruction or deletion provided to the disclosing Party or non-party. This includes the return or secure destruction or deletion of Confidential Material provided to any person, including Independent Experts. Confidential Material that may exist on any back-up media must also be returned or securely destroyed or deleted within ninety (90) days of the final determination of this Proceeding, including any appeal. Counsel of record are permitted to retain a copy of attorney work product, which may incorporate information from Confidential Material, provided that (1) all such retained attorney work product, and counsel's further retention or further use thereof, shall remain subject to the terms of this Order, and (2) counsel's retention of such attorney work product is in compliance with the Privacy and Security Rules (*e.g.*, does not contain any Protected Health Information). For the avoidance of doubt, such retention shall not include any Confidential Material itself (*e.g.*, produced documents and/or data designated as Confidential). For purposes of this Amended Protective Order, the "final determination of this Proceeding" shall be deemed to be the latter of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials and reviews, if any, of this Proceeding (excluding any time period under which the court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the court); or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this Proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Any time period under which the court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the court will be considered after the conclusion of this proceeding.

23. **Time Period for Protection**. Any Confidential Material or any information contained in or derived from Confidential Material shall be subject to the provisions of this Amended Protective Order until further Order of this court.

24. **Enforcement**. Upon the final resolution of this Proceeding, any Party may seek leave to reopen the Proceeding or request the court retain jurisdiction to enforce the provisions of this Amended Protective Order.

|  |  |
|---|---|
| ___/s/ Shawn A. Morgan_____ | _____ |
| Allison B. Williams (WV ID # 11329) | Michael L. Murphy (WVSB #10888) |
| Shawn A. Morgan (WV ID # 6640) | Alexandra L. Serber (*admitted pro hac vice*) |
| 400 White Oaks Boulevard | **BAILEY & GLASSER, LLP** |
| Bridgeport, WV 26330 | 1055 Thomas Jefferson St, Suite 540 |
| (304) 933-8000 | Washington, DC 20007 |
| allison.williams@steptoe-johnson.com | Telephone: 202.463.2101 |
| shawn.morgan@steptoe-johnson.com | Facsimile: 202.463.2103 |
|  | Email: mmurphy@baileyglasser.com |
|  | aserber@baileyglasser.com |
| *Counsel for Defendants Jason P. Henderson,* | |
| *Energy Resource Group, LLC, and ET360,* | Patricia M. Kipnis (WVSB #12896) |
| *LLC* | **BAILEY & GLASSER, LLP** |
|  | 923 Haddonfield Road |
|  | Suite 300 |
|  | Cherry Hill, NJ 08002 |
|  | Telephone: 215.274.9420 |
|  | Email: pkipnis@baileyglasser.com |
|  | Marc R. Weintraub |
|  | **STINSON LLP** |
|  | 100 Ashley Drive South |
|  | Suite 600 |
|  | Tampa, FL 33602 |
|  | Telephone: 813.534.7334 |
|  | Email: marc.weintraub@stinson.com |
|  | |
|  | *Counsel for Defendants David B. Alvarez,* |
|  | *Applied Construction Solutions Inc., and* |
|  | *Energy Transportation LLC* |

23.     **Time Period for Protection**. Any Confidential Material or any information

contained in or derived from Confidential Material shall be subject to the provisions of this

Amended Protective Order until further Order of this court.

24.     **Enforcement**. Upon the final resolution of this Proceeding, any Party may seek

leave to reopen the Proceeding or request the court retain jurisdiction to enforce the provisions

of this Amended Protective Order.

DATED: _____, 2023

_____

Allison B. Williams (WV ID # 11329)
Shawn A. Morgan (WV ID # 6640)
Quentin T. Collie (WV ID # 13830)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000
allison.williams@steptoe-johnson.com
shawn.morgan@steptoe-johnson.com
quentin.collie@steptoe-johnson.com

*Counsel for Defendants Jason P. Henderson,
Energy Resource Group, LLC, and ET360,
LLC*

Michael L. Murphy (WVSB #10888)
Alexandra L. Serber (*admitted pro hac vice*)
**BAILEY & GLASSER, LLP**
1055 Thomas Jefferson St, Suite 540
Washington, DC 20007
Telephone: 202.463.2101
Facsimile: 202.463.2103
Email: mmurphy@baileyglasser.com
aserber@baileyglasser.com

Patricia M. Kipnis (WVSB #12896)
**BAILEY & GLASSER, LLP**
923 Haddonfield Road
Suite 300
Cherry Hill, NJ 08002
Telephone: 215.274.9420
Email: pkipnis@baileyglasser.com
Marc R. Weintraub
**STINSON LLP**
100 Ashley Drive South
Suite 600
Tampa, FL 33602
Telephone: 813.534.7334
Email: marc.weintraub@stinson.com

*Counsel for Defendants David B. Alvarez,
Applied Construction Solutions Inc., and
Energy Transportation LLC*

  _/s/ Anthony J. Majestro_____
Anthony J. Majestro, Esq. (WVSB #5165)
Powell & Majestro, PLLC 405 Capitol Street,
Suite P-1200 Charleston, WV 25301 304-
346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

William G. Powers (*pro hac vice*)
Andrew M. Miller (*pro hac vice*)
Baron & Budd, P.C.
The Watergate
600 New Hampshire Ave., NW, 10th Floor
Washington, DC 20037
Telephone: 202.333.4562
Facsimile: 202.337.1039
wpowers@baronbudd.com
amiller@baronbudd.com

*Counsel For Plaintiff-Relators*

          **IT IS SO ORDERED.**


          Dated:          October 6, 2023


                                _Tom 8 Klut_____

                                UNITED STATES DISTRICT COURT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOSEPH SEIKEL and TERENCE SEIKEL, | |
| Plaintiffs-Relators, | |
| v. | Case No. 1:23-cv-01 |
| DAVID B. ALVAREZ, APPLIED CONSTRUCTION SOLUTIONS, INC., ENERGY TRANSPORTATION LLC, ENERGY RESOURCE GROUP, LLC, ET360, LLC, BEAR CONTRACTING, LLC, BEAR UTILITIES, LLC, JASON P. HENDERSON, and JOHN DOES NOS., 1-50, FICTITIOUS NAMES, | |
| Defendants. | |

## <u>AMENDED PROTECTIVE ORDER - ATTACHMENT A</u>

1.      I am familiar with and agree to be bound by the terms of the Amended Protective Order ("Protective Order") in *United States of America ex rel. Seikel v. Alvarez*, No. 1:23-cv-0001-TSK. I understand that my execution of this Agreement to Be Bound by the Amended Protective Order indicates my agreement to be bound by the Amened Protective Order and is a prerequisite to my access or review of any information or documents designated as Confidential Material pursuant to the Amended Protective Order. I further understand that my execution of this Agreement indicates that I am a person who is allowed to access or review any information or documents designated as Confidential Material pursuant to the Amended Protective Order.

2.      I will access and review Confidential Material that may be provided to me solely for the purpose of my role in assisting with prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever. I further agree that I will not disclose any Confidential Material to any person except as allowed by the terms of the Amended Protective Order.

3.      I will only make such copies of or notes concerning Confidential Material as are necessary to enable me to render the assistance required in connection with this Proceeding. Upon the final determination of this Proceeding, I shall promptly and securely destroy or delete all Confidential Materials provided to me as well as any notes or derivations thereof. I understand that my obligation to honor the confidentiality of such material will continue even after this Proceeding concludes.

4.      I understand that failure to comply with the terms of the Amended Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby. I consent to the jurisdiction of the United States District Court for the Northern District of West Virginia (without any time limit) for the purpose of enforcing the Protective Order.

DATED this_____day of_____, 20___.


BY:   _____ (Signature)

       _____ (Print Name)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOSEPH SEIKEL and TERENCE SEIKEL,<br><br>       Plaintiffs-Relators,<br><br>v.<br><br>DAVID B. ALVAREZ, APPLIED CONSTRUCTION SOLUTIONS, INC., ENERGY TRANSPORTATION LLC, ENERGY RESOURCE GROUP, LLC, ET360, LLC, BEAR CONTRACTING, LLC, BEAR UTILITIES, LLC, JASON P. HENDERSON, and JOHN DOES NOS., 1-50, FICTITIOUS NAMES,<br><br>       Defendants. | Case No. 1:23-cv-01 |

### AMENDED PROTECTIVE ORDER - ATTACHMENT B

### INDEPENDENT EXPERTS

1.      I am familiar with and agree to be bound by the terms of the Amended Protective Order ("Protective Order") in *United States of America ex rel. Seikel v. Alvarez*, No. 1:23-cv-0001-TSK. I understand that my execution of this Agreement to Be Bound by the Protective Order indicates my agreement to be bound by the Protective Order and is a prerequisite to my access or review of any information or documents designated as Confidential Material pursuant to the Protective Order. I further understand that my execution of this Agreement indicates that I am a person who is allowed to access or review any information or documents designated as Confidential Material pursuant to the Protective Order.

2.      I will access and review Confidential Material that may be provided to me solely for the purpose of my role in assisting with prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever. I further agree that I will not disclose any Confidential Material to any person except as allowed by the terms of the Protective Order.

3.      I will only make such copies of or notes concerning Confidential Material as are necessary to enable me to render the assistance required in connection with this litigation. Upon the final determination of this action, I shall promptly and securely destroy or delete all Confidential Materials provided to me as well as any notes or derivations thereof. I understand that my obligation to honor the confidentiality of such material will continue even after this

Proceeding concludes.

       4.     I will not use any Confidential Information or any information or knowledge derived from Confidential Information for any purpose unrelated to this Litigation, including, but not limited to, assisting any entity in any way in connection with any commercial or business endeavor, relationship or negotiation with any of the Defendants at any time or in connection with assisting any person or entity that seeks to compete with any Defendant in any market.

       5.     I have not been determined by a court or other competent tribunal to have violated the terms of a protective order in any other litigation.

       6.     I understand that failure to comply with the terms of the Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby. I consent to the jurisdiction of the United States District Court for the Northern District of West Virginia (without any time limit) for the purpose of enforcing the Protective Order.

DATED this_____day of_____, 20____.


BY:   _____ (Signature)

         _____ (Print Name)