**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. JOSEPH SEIKEL and TERENCE SEIKEL,**<br><br>                        **Plaintiffs-Relators,**<br><br>          **v.**<br><br>**DAVID B. ALVAREZ; APPLIED CONSTRUCTION SOLUTIONS, INC.; ENERGY TRANSPORTATION, LLC; ENERGY RESOURCE GROUP, LLC; ET360, LLC; BEAR CONTRACTING, LLC; BEAR UTILITIES, LLC; JASON P. HENDERSON; and JOHN DOES NOS. 1-50, FICTITIOUS NAMES,**<br><br>                        **Defendants.** | Case No.: 1:23-cv-00001-TSK |

**RELATORS' MOTION TO COMPEL THE ALVAREZ
DEFENDANTS AND THE HENDERSON DEFENDANTS TO
RESPOND TO RELATORS' FIRST SET OF REQUESTS
FOR PRODUCTION UNDER FRCP 37(A)(3)(B)(IV)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

*INTRODUCTION* ......................................................................................................... 1

*STATEMENT OF FACTS* ........................................................................................... 1

    *I.*  *The Alvarez Defendants' Responses to Relators' RFPs.* ..................................... 3

    *II.*  *The Henderson Defendants' Responses to Relators' RFPs.* .............................. 8

*LEGAL STANDARD* ................................................................................................ 12

*ARGUMENT* ............................................................................................................. 14

    *I.*  *Defendants Have Improperly Limited Production of Documents Based on Arguments That This Court Has Already Rejected.* ........................................... 15

        *a.*  *Defendants Disregard the Court's Order Denying the Motion to Stay Discovery and Motion for Protective Order By Refusing to Produce Documents Based on the Pending Motions to Dismiss.* .......................................................................... 15

        *b.*  *Defendants Disregard the Court's Protective Order By Refusing to Produce Documents That Might Contain Confidential and Proprietary Information.* ......... 16

    *II.*  *Defendants' Responses to Relators' RFPs are Replete With Improper Boilerplate Objections That the Court Should Overrule And Deem Waived.* .................................. 17

        *a.*  *Defendants' Generic Objections In Response to Individual Requests Lack Adequate Specificity and Justification.* ........................................................................ 18

        *b.*  *Defendants' Privilege Objections Lack Adequate Specificity and Violate FRCP 26 and Local Rule 26.* ...................................................................................... 20

*CONCLUSION* .......................................................................................................... 22

*CERTIFICATE OF SERVICE* ................................................................................... 23

## **TABLE OF AUTHORITIES**

**Cases**

*A.Hak Indus. Servs. BV v. TechCorr USA, LLC*,
    No. 3:11-CV-74, 2013 WL 5244507 (N.D. W. Va. Sept. 18, 2013) ............................... 19

*Alberts v. Wheeling Jesuit Univ.*,
    No. 5:09CV109, 2010 WL 1539852 (N.D. W. Va. Apr. 19, 2010)................................. 19

*Allman v. CMFG Life Ins.*,
    No. 5:20CV220, 2021 WL 9666755 (N.D. W. Va. Sept. 10, 2021)............................... 13

*Fid. Nat'l Title Ins. v. Barringer Land SC, LLC*,
    No. 2:13-CV-69, 2014 WL 12594207 (N.D. W. Va. Apr. 15, 2014) .............................. 20

*Fish v. Capouillez*,
    No. 5:13-CV-120, 2013 WL 12210103 (N.D. W. Va. Dec. 18, 2013)............................ 16

*Hager v. Graham*,
    267 F.R.D. 486 (N.D. W. Va. 2010) .......................................................................... 13, 18

*Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins.*,
    No. 05–CV–41, 2006 WL 2715164 (N.D. W. Va. Sept. 21, 2006)................................. 13

*Kinsale Ins. v. JDBC Holdings, Inc.*,
    No. 3:20-CV-8, 2021 WL 1554073 (N.D. W. Va. April 20, 2021)................................. 13

*Mainstreet Collection, Inc. v. Kirkland's, Inc.*,
    270 F.R.D. 238 (E.D.N.C. 2010) ..................................................................................... 14

*Mancia v. Mayflower Textile Svcs. Co.*,
    253 F.R.D. 354 (D. Md. 2008)............................................................................... 13, 14, 20

*Meade v. Schlumberger Tech. Corp.*,
    No. 2:13-CV-51, 2011 WL 11567475 (N.D. W. Va. Feb. 10, 2011) .............................. 21

*Mey v. Matrix Warranty Sols., Inc.*,
    No. 5:21CV62, 2022 WL 19978264 (N.D. W. Va. Nov. 1, 2022)............................ 14, 20

*Miller v. Pruneda*,
    No. 3:02–CV–42, 2004 WL 3951292 (N.D. W. Va. Nov. 5, 2004) ............................... 20

*Mills v. East Gulf Coal Preparation Co.*,
    259 F.R.D. 118 (S.D. W. Va. 2009)........................................................................... 14, 20

*Momah v. Albert Einstein Med. Ctr.*,
    164 F.R.D. 412 (E.D. Pa. 1996)....................................................................................... 14

ii

*Nesselrodte v. Underground Casino & Lounge, LLC*,
No. 3:11-CV-92, 2012 WL 4378168 (N.D. W. Va. Sept. 25, 2012) ............................... 18

*Patrick v. Teays Valley Trustees, LLC*,
297 F.R.D. 248 (N.D. W. Va. 2013) ......................................................................... 13, 14

*PLX, Inc. v. Prosystems, Inc.*,
220 F.R.D. 291 (N.D. W. Va. 2004) ......................................................................... 13, 18

*Smith v. Bayer Material Sci., LLC*,
No. 5:12-CV-171, 2013 WL 3153467 (N.D. W. Va. June 19, 2013) ........................ 14, 20

*State ex rel. U.S. Fid. & Guar. Co. v. Canady*,
460 S.E.2d 677 (W. Va. 1995) ...................................................................................... 20

*Susko v. City of Weirton*,
No. 5:09-CV-1, 2011 WL 98557 (N.D. W. Va. January 12, 2011) .................................. 17

*U.S. Dep't of Lab. v. Randolph Cnty. Sheltered Workshop, Inc.*,
No. 2:16-CV-78, 2017 WL 10442120 (N.D. W. Va. Nov. 17, 2017) .............................. 13

**Rules**

Fed. R. Civ. P. 33(b) ............................................................................................................ 18

Fed. R. Civ. P. 37(a)(3)(B)(iv) ............................................................................................. 13

Fed. R. Civ. P. 37(a)(4) ........................................................................................................ 13

L.R. Civ. P. 26.04(a)(2)(i)(A) ............................................................................................... 21

L.R. Civ. P. 26.04(a)(2)(i)(B)(1) ........................................................................................... 21

L.R. Civ. P. 26.04(a)(2)(i)(B)(2) ........................................................................................... 21

L.R. Civ. P. 26.04(a)(2)(iii) ................................................................................................... 21

## INTRODUCTION

The Court should strike the Alvarez[1] and Henderson[2] Defendants' objections and compel the Defendants to respond in full to Relators' requests for production ("RFPs"). The Defendants' responses are replete with impermissible boilerplate that do not allow Relators to determine what, if any, basis Defendants have for their objections and what, if any, documents Defendants possess but are refusing to produce. In fact, the Defendants continue to assert objections that have been specifically rejected by orders of this Court. For example, even though this Court has already ruled that motions to dismiss are not a sufficient basis to stay discovery in this case, all the Defendants still object to production on the basis of the pending motions to dismiss. Such disregard for the Court's order coupled with the otherwise nearly identical boilerplate responses that are clearly impermissible under the rules necessitates striking the objections and ordering production.

## STATEMENT OF FACTS

The parties filed the Report of the Parties Planning Meeting on April 13, 2023.  ECF 81. The Report included a proposed schedule to which all parties agreed.  *Id*.  On May 23, 2023, the Court adopted the parties proposed schedule in the Scheduling Order.  ECF 92.  The scheduling order set various deadlines including dates for expert disclosure (October 27, 2023), completion of discovery (December 22, 2023), mediation (January 26, 2024), dispositive motions (March 1, 2024) and a trial date (July 15, 2024).  *Id*. at 1-3.

The Defendants filed motions to dismiss the Amended Complaint on May 4, 2023. Henderson Defs.' Mot. to Dismiss Am. Compl., ECF 87; Mem. Law Supp. Henderson Defs.' Mot. to Dismiss Am. Compl., ECF 88; Alvarez Defs.' Mem. Law Supp. Their Mot. to Dismiss Relators' Am. Compl., ECF 89.

---

[1] Defendants David Alvarez, Energy Transportation, LLC, and Applied Construction Solutions, Inc.
[2] Jason Henderson, ET360, LLC, and Energy Resource Group, LLC.

Relators served their First Set of Requests for Production ("RFPs") to both the Henderson Defendants and the Alvarez Defendants on June 30, 2023.

On July 6, 2023, the Henderson Defendants moved to stay of all discovery pursuant to Federal Rule of Civil Procedure 26(c)(1).  Henderson Defs.' Mot. to Stay Disc. Pending Resolution Mot. to Dismiss, ECF 97; Mem. Supp. Henderson Defs.' Mot. to Stay Disc. Pending Resolution Mot. to Dismiss, ECF 97-1 (hereinafter "Henderson Defs.' Br."). Without waiting for a ruling on their motion to stay, the Henderson Defendants additionally moved for a protective order on July 31, 2023 to avoid having to answer the Relators' RFPs. ECF 100.

The Alvarez Defendants did not join either the motion to stay discovery or the motion for a protective order, instead responding to Relators' RFPs on July 31, 2023. *See* ECF 101. The Alvarez Defendants' initial responses did not, however, contain any agreement to produce documents and only asserted objections to the requests.

On September 19, 2023, the Court denied both the Henderson Defendants' motion to stay and motion for a protective order. ECF 112. The Court found that the pending motions to dismiss were an insufficient basis to grant either motion because, "[g]iven the detail and extensiveness of the Amended Complaint, it is far from clear that the motion to dismiss will be granted." *Id.* at 5. This order reiterated the Court's denial of the parties' joint motion to stay discovery, on April 11, 2023, where the Court stated that "anticipated motions to dismiss are an insufficient basis to stay discovery in this case."  Order, ECF 79.

After the Court denied the motion to stay, the parties agreed on, and the Court entered, a protective order. ECF 120. Intended, in part, to address concerns about sharing proprietary and sensitive information, the protective order provided for production of documents at varying levels of confidentiality, including an attorney's eyes-only designation. *Id.* at 3-4.

Thereafter, the Defendants agreed to respond to Relators' RFPs by Friday, October 20, 2023. On that day, the Alvarez Defendants provided supplemental responses to their initial responses and the Henderson Defendants provided their initial responses. Certificate of Service by Jason P. Henderson, ECF 122; Certificate of Service by ET360, LLC, ECF 123; Certificate of Service by Energy Resource Group, ECF 124; Certificate of Service by Applied Construction Solutions, Inc., ECF 132 (Alvarez Defendants' Supplemental Responses). Pursuant to Local Rule 37.02(a)(1), the Defendants' responses to Relators' RFPs (which included Relators' RFPs verbatim) are attached to this motion as Exhibit 1 (the Alvarez Defendants' responses), Exhibit 2 (Jason Henderson's responses), Exhibit 3 (Energy Resource Group, LLC's responses), and Exhibit 4 (ET360, LLC's responses).

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.02(a)(3), on November 3, 2023, at 3pm Eastern Daylight-Saving Time, counsel for Relators met and conferred via Microsoft Teams video conference with counsel for the Alvarez Defendants and counsel for the Henderson Defendants about Defendants' October 20th RFP responses. Counsel for Relators inquired as to what additional documents Defendants would be producing, and when those documents might be expected. Counsel for Defendants indicated that Defendants would not produce anything beyond what they already produced to Relators , *i.e.* the limited production of documents that Defendants had already produced to the government in the course of the DOJ's investigation. Otherwise, Defendants would rest on their objections as stated in their responses to Relators' RFPs.

The Defendants' responses are summarized in the two sections below.

## I.    THE ALVAREZ DEFENDANTS' RESPONSES TO RELATORS' RFPS.

The Alvarez Defendants lodged several general objections to Relators' definitions all of which are conclusory boilerplate with no supporting detail. *See* Ex. 1 at 3 (objecting "to the extent

that [the instruction, definition, and document request] seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege."); *Id.* (objecting to the definition of "You" and "Your" as overbroad); *Id.* at 3-4 (objecting to the use of "broadest sense" as vague); *Id.* at 5 (objecting to the terms "all Documents" and "all Communications" "to the extent that such terms are overbroad and impose obligations that are unduly burdensome").

The Alvarez Defendants also spend the five pages lodging an objection to the "Relevant Time Period," most of which is a lengthy quote from a case in the Southern District of West Virginia. *See* Ex. 1 at 7-12.

After incorporating by reference their previous objections, the Alvarez Defendants next object on two additional, general grounds. First, that "any discovery as premature at this stage with Defendants' motions to dismiss pending." Ex. 1 at 8. Second, that the defined relevant time period is "not relevant" and "not proportional to the needs of the case" because Relators "seek sensitive and confidential commercial information." Ex. 1 at 8. The Alvarez Defendants state, with no other supporting detail, that their production "is necessarily informed by the (a) Defendants' pending motion to dismiss Plaintiffs-Relators' amended complaint (ECF No. 89); and (b) the dates corresponding to the establishment and termination of the PPP." Ex. 1 at 12.

Beyond the general objections, the Alvarez Defendants' responses to most of Relators' individual RFPs are largely identical, with the objections lodged to each request typically appearing verbatim and offering no particularized basis for, or explanation of, those objections. Take, for example, the Response to Request No. 5:

> **OJBECTIONS [sic] & RESPONSE TO REQUEST FOR PRODUCTION NO. 5**: Defendants David B. Alvarez, Applied Construction Solutions, Inc., and Energy Transportation, LLC, as interpreted consistent with their objection to the definition of "You" and "Your" lodged above, expressly incorporate their (a) Preliminary

4

Statement; (b) their stated Objections to Plaintiffs-Relator's Definitions; (c) their stated objections to Plaintiffs-Relator's Instructions; (d) their stated Objections to Plaintiffs-Relators' definition of "Relevant Time Period"; and their stated specific objections to Plaintiffs-Relators' definition of "Relevant Time Period," as if fully set forth herein in their Response to Request for Production No. 5.

In addition to the specific objections incorporated above, Defendants David B. Alvarez, Applied Construction Solutions, Inc., and Energy Transportation, LLC, as interpreted consistent with their objection to the definition of "You" and "Your" lodged above, further object to Request for Production No. 5 on the grounds that it is overbroad, unduly burdensome, vague, is neither relevant nor proportional to the needs of the case, and premature.

On May 4, 2023, Defendants filed a motion to dismiss the Amended Complaint that may significantly narrow the claims at issue in this matter or dispose of the Plaintiffs-Relators' claims in the Amended Complaint altogether. *See* ECF Nos. 80, 87, 88, 89, 93, 95, 96. The Court's decision on Defendants' motion to dismiss will determine the scope of discovery that is appropriate in this case and specifically to the relevance of Request for Production No. 5 and the proportionality of any response thereto. Defendants therefore specifically object to Request for Production No. 5 as premature during the pendency of the motions to dismiss that may narrow the claims or dispose of them altogether. This is particularly important as this Court noted in *Richards v. Octane Environmental, LLC*, No. 1:18-cv-158 (N.D. W. Va. Mar. 12, 2020), the Plaintiffs-Relators here "do not dispute that they are competitors" with Defendants. *Id.*, ECF No. 200 (Mar. 12, 2020).

Defendants object to Request for Production No. 5 to the extent it seeks Documents and Communications protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege. Should any such disclosure by Defendants occur, it is inadvertent and shall not constitute a waiver of any privilege.

Finally, Request for Production No. 5 seeks "all documents and communications" related to topics that directly implicate trade secrets, proprietary business practices, confidential research, development, and/or commercial information. Thus, a condition precedent to the production of any Documents or Communications it will be necessary for the Court to enter the Parties' Protective Order. Defendants expressly reserve the right to seek additional protection through an amendment to the Protective Order if reasonably required based on the nature of the Documents and Communications to be produced and the information contained therein.

Nevertheless, subject to their (a) Preliminary Statement; (b) their stated Objections to Plaintiffs-Relator's Definitions; (c) their stated objections to Plaintiffs-Relator's Instructions; (d) their stated Objections to Plaintiffs-Relators' definition of "Relevant Time Period"; and € their stated specific objections to Request for Production No. 5, and subject to the Court's entry of a Protective Order, Defendants welcome a meet and confer with Plaintiffs-Relators in an attempt to appropriately

narrow the scope of Request for Production No. 5 and to clarify any ambiguities or other issues discussed herein. Defendants reserve the right to seek a protective order with respect to Request for Production No. 5 if the Parties are unable to reach agreement on the scope and nature of the request. Once the Court has ruled on the pending motions to dismiss, ECF Nos. 80, 87, 88, 89, 93, 95, 96, if Plaintiffs-Relators' non-non-intervened *qui tam* claims have not otherwise been fully and finally dismissed, Defendants will be prepared to amend and supplement their responses consistent with the obligations under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of West Virginia, and the Orders of this Court and begin production on a rolling basis of any relevant and non-privileged documents in response to any non-cumulative and non-duplicative requests that are reasonably tailored and proportional to the remaining allegations in the Amended Complaint within thirty (30) days of the Court's ruling on Defendants' motion to dismiss.

Ex. 1 at 28-29.

The first paragraph, in which the Alvarez Defendants incorporate all objections previously asserted, is copied verbatim (other than the Request number) at the beginning of each response to every single Request. *E.g.*, Ex. 1 at 16.

In the next paragraph, the Alvarez Defendants assert a laundry list of conclusory objections that are repeated in nearly every response: overbroad (Request Nos. 1-3, 5-30, 32-36); unduly burdensome (Request Nos. 2, 3, 5-30, 32-36); vague (Request Nos. 5-30, 32-36); cumulative (Request Nos. 7-30, 32-36); not relevant (Request Nos. 1, 2, 4-30, 32-36); not proportional (Request Nos. 1, 2, 5-30, 32-36); premature (Request Nos. 3, 5-30, 32-36). Just as in the response to Request No. 5, these objections are made as part of a list with no explanation specific to the Request.

In response to thirty-five of the thirty-seven total requests (every single RFP except for Nos. 31 and 37), the Alvarez Defendants object that the request is premature because the pending motions to dismiss could narrow the claims at issue. Notably, this objection is found both in the original response to the RFPs, which were served on Relators on July 31, 2023, and in the supplemental response, which was served on Relators one month *after* the Court denied the

Henderson Defendants' motion to stay and motion for a protective order, declining to stay discovery "simply because Defendants' motion to dismiss is pending." ECF 112 at 5.

In response to thirty-five of the thirty-seven total requests (Nos. 1-35),[3] the Alvarez Defendants object "to the extent [the request] seeks Documents and Communications protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege."

In response to thirty-two of the thirty-seven total requests (Nos. 1, 2, 5-30, and 32-35), the Alvarez Defendants object to producing documents "related to topics that directly implicate trade secrets, proprietary business practices, confidential research, development, and/or commercial information" as "neither relevant nor proportional." In four of those responses (Request Nos. 1, 2, 5, and 6), the Alvarez Defendants indicate that "a condition precedent to the production of any Documents or Communication" is the entry of a Protective Order by the Court.

In response to thirty-five requests (all requests except for Nos. 31 and 37),[4] the Alvarez Defendants indicate that they "welcome a meet and confer"[5] about the scope of the request and that they "reserve the right to seek a protective order" regarding that request.

---

[3] The Alvarez Defendants' responses to Request Nos. 27 and 32 varies in phrasing from the other responses, but offer no more specificity. *E.g.*, Ex. 1 at 62 ("Request for Production No. 27 . . . expressly and impermissibly seeks Documents and Communications that contain information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest doctrine, or any other applicable privilege."). The Alvarez Defendants' response to Request No. 35 actually contains both versions of the privilege objection, although both versions refer to "Request for Production No. 32" instead of RFP 35. Ex. 1 at 78.

[4] The supplemental responses to Request Nos. 1-4, 7, 27, 28, and 30 do not contain the invitation to meet and confer as to the scope of the documents the Alvarez Defendants will produce in response to the request. Instead, the Alvarez Defendants produced a limited set of documents in response to these requests. Even these responses are identical.

[5] The Alvarez Defendants were far less willing to reach a consensus at the parties' November 3 meet and confer, where they took the position that no additional documents would be produced prior to a decision on the motions to dismiss. *See supra* at 3.

The Alvarez Defendants end their response to more than thirty requests by stating that "[o]nce the Court has ruled on the pending motions to dismiss," the Alvarez Defendants "will be prepared to amend and supplement their responses . . . in response to any non-cumulative and non-duplicative requests that are reasonably tailored and proportional to the remaining allegations in the Amended Complaint within thirty (30) days of the Court's ruling on Defendants' motion to dismiss."

In response to Request No. 31, which asks for "All Documents You intend to rely on to impeach any witness," the Alvarez Defendants claim that Relators are not entitled to those documents at all because documents used solely for impeachment are not included in the separately required disclosures under Federal Rule of Civil Procedure 26(a)(3)(A). Ex. 1 at 72-73.

## II.   THE HENDERSON DEFENDANTS' RESPONSES TO RELATORS' RFPS.

Mr. Henderson's responses to most of Relators' RFPs are largely identical, with the objections lodged to each request usually appearing verbatim and offering no particularized basis for, or explanation of, those objections. Take, for example, Mr. Henderson's Response to Request No. 2:

> Objection. Mr. Henderson objects to providing answers or responses to any discovery requests not agreed-upon during the October 3, 2023 meet and confer between the parties. Notwithstanding the Court's September 19, 2023 *Order Denying Henderson Defendants' Motion for Protective Order* [ECF No. 100] *and Motion to Stay Discovery* [ECF No. 97] *and Setting Matter for Status Conference on September 26, 2023* [ECF No. 112], the Court has found that a pending motion to dismiss, such as the pending motion to dismiss filed by the Henderson Defendants in this action on May 4, 2023, *see* ECF No. 87, is a valid basis for staying discovery. *See, e.g.*, *Sheehan v. United States*, No. 5:11cv170, 2012 WL 1142709, at *1 (N.D. W. Va. Apr. 4, 2012) ("It is well-settled that '[a] protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.'" (alteration in original) (citing *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd* 85 F. App'x 333 (4th Cir. 2004))); *see also Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986) (finding court did not err by granting motion to stay pending resolution of dispositive motion because trial courts "are given wide discretion to control th[e] discovery process"), *overruled on other grounds*, *Sheridan v. United*

> *States*, 487 U.S. 392 (1988). Mr. Henderson further objects to the extent the Seikels seek confidential and proprietary business and financial information regarding Mr. Henderson. Mr. Henderson further objects to the extent the Seikels request documents and communications protected by the attorney-client privilege and/or attorney work-product doctrine. Subject to and without waiving the objections, and subject to the Court's determination of the Henderson Defendants' Motion to Dismiss, no such documents exist because Mr. Henderson, in his individual capacity, did not submit (or cause to be submitted) PPP loan applications. Mr. Henderson reserves the right to state other objections and otherwise supplement this response along with a privilege log identifying any documents withheld on the basis of a privilege at the appropriate time, if any.

*See* Ex. 2 at 3-4.

The first portion of that response—from "Objection" through the citation to *Sheridan*—is found without alteration in twenty-six of Mr. Henderson's responses (Request Nos. 1, 2, 5-26, 29, and 35).

The next objection lodged by Mr. Henderson—that the request seeks "confidential and proprietary business and financial information"—is found verbatim in twenty-seven of Mr. Henderson's responses (Request Nos. 1-27).

Mr. Henderson also objects to eleven separate requests (Nos. 2, 5-12, 32, and 35) on the basis of attorney-client privilege and/or attorney work-product doctrine. As if that were insufficient, Mr. Henderson also lodges a general objection on those same grounds "with respect to each discovery request, whether specifically identified in response thereto." Ex. 2 at 1-2.

Responding to Request No. 8, Mr. Henderson objects, in part, that the request is "overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks . . . [quoting from the specific request] . . . without restriction to such materials relevant to the Seikels' claims." *See, e.g.*, Ex. 2 at 7 (Response to Request No. 8). Mr. Henderson makes this objection to twenty requests (Nos. 8-26 and 29).

In twenty-six separate responses (Request Nos. 1, 2, 5-26, 29, 35), Mr. Henderson asserts that whether responsive documents exist is "subject to the Court's determination of the Henderson Defendants' Motion to Dismiss."[6]

In response to Request No. 31, which asks for "All Documents You intend to rely on to impeach any witness," Mr. Henderson suggests that the request is premature and that, rather than responding by the deadline agreed to by the parties, he "will supplement this response in accordance with the deadlines in the Court's Scheduling Order regarding trial exhibits." Ex. 2 at 24.

Energy Resource Group LLC's ("ERG") responses to Relators' RFPs largely parallel the responses from Mr. Henderson. For example, here is ERG's response to Request No. 2:

> Objection. Energy Resource Group objects to providing answers or responses to any discovery requests not agreed-upon during the October 3, 2023 meet and confer between the parties. Notwithstanding the Court's September 19, 2023 *Order Denying Henderson Defendants' Motion for Protective Order* [ECF No. 100] *and Motion to Stay Discovery* [ECF No. 97] *and Setting Matter for Status Conference on September 26, 2023* [ECF No. 112], the Court has found that a pending motion to dismiss, such as the pending motion to dismiss filed by the Henderson Defendants in this action on May 4, 2023, *see* ECF No. 87, is a valid basis for staying discovery. *See, e.g.*, *Sheehan v. United States*, No. 5:11cv170, 2012 WL 1142709, at *1 (N.D. W. Va. Apr. 4, 2012) ("It is well-settled that '[a] protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.'" (alteration in original) (citing *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd* 85 F. App'x 333 (4th Cir. 2004))); *see also Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986) (finding court did not err by granting motion to stay pending resolution of dispositive motion because trial courts "are given wide discretion to control th[e] discovery process"), *overruled on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988). Energy Resource Group further objects to the extent the Seikels seek confidential and proprietary business and financial information regarding Energy Resource Group. Energy Resource Group further objects to the extent the Seikels request documents and communications protected by the attorney-client privilege and/or attorney work-product doctrine. Subject to and without waiving the objections, and subject to the Court's determination of the

---

[6] In two responses, this language varies by just a single grammatical mistake. *E.g.*, Ex. 2 at 15 (Response to Request 17 reads "Dissmiss" instead of "Dismiss"); *Id.* at 17 (Response to Request 20 reads "Defendant's" instead of "Defendants'").

> Henderson Defendants' Motion to Dismiss, Energy Resource Group will produce its responsive documents and communications with any third parties concerning its PPP loans in accordance with the *Amended Protective Order* [ECF No. 120] and the *Stipulation and Order on Discovery of Electronically Stored Information* [ECF No. 119]. Energy Resource Group reserves the right to state other objections and otherwise supplement this response along with a privilege log identifying any documents withheld on the basis of a privilege at the appropriate time, if any.

Ex. 3 at 3-4. Like Mr. Henderson, ERG's responses to most of Relators' RFPs are effectively verbatim to this response and offer no additional basis for, or explanation of, ERG's objections.

The first portion of ERG's response to Request No. 2—from "Objection" through the citation to *Sheridan*—is found without alteration in twenty-six of ERG's responses (Request Nos. 1, 2, 5-26, 29, and 35).

The next objection lodged by ERG—that the request seeks "confidential and proprietary business and financial information"—is found verbatim in twenty-seven of ERG's responses (Request Nos. 1-27).

ERG also objects to twelve separate requests (Nos. 2, 5-12, 27, 32, and 35) on the basis of attorney-client privilege and/or attorney work-product doctrine. As if that were insufficient, ERG also lodges a general objection on those same grounds "with respect to each discovery request, whether specifically identified in response thereto." Ex. 3 at 1-2.

Responding to Request No. 8, ERG objects, in part, that the request is "overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks . . . [quoting from the specific request] . . . without restriction to such materials relevant to the Seikels' claims." *See, e.g.*, Ex. 3 at 7 (Response to Request No. 8). ERG makes this objection to twenty requests (Nos. 8-26 and 29).

In twenty-nine separate responses (Request Nos. 1, 2, 5-7, 5-26, 29, 35), ERG stated that its production of "responsive documents and communications" was "subject to the Court's determination of the Henderson Defendants' Motion to Dismiss."

In nineteen responses (Request Nos. 8-25 and 29), ERG stated that it would only produce documents "to the extent they are responsive and relevant." ERG did not indicate on what basis it would determine whether a document was relevant, but it would appear to be "subject to the Court's determination of the Henderson Defendants' Motion to Dismiss."[7]

In the response to Request No. 26, ERG asserts that whether responsive documents exist is "subject to the Court's determination of the Henderson Defendants' Motion to Dismiss." Ex. 3 at 23-24. ERG's response to Request No. 35 similarly conditions the production of documents on "the Court's determination of the Henderson Defendants' Motion to Dismiss." Ex. 3 at 26.

In response to Request No. 31, which asks for "All Documents You intend to rely on to impeach any witness," ERG suggests that the request is premature and that, rather than responding by the deadline agreed to by the parties, ERG "will supplement this response in accordance with the deadlines in the Court's Scheduling Order regarding trial exhibits." Ex. 3 at 25.

ET360, LLC's ("ET360") responses to Relators' RFPs differ in just two respects from ERG's responses. First, rather obviously, references to ERG are replaced by references to ET360. Second, the documents listed in responses to Request Nos. 3, 4, and 22 vary between the two defendants. Otherwise, the responses served by ET360 are identical to those served by ERG, including the objections made to each request. *Compare* Ex. 3 (ERG responses to Relators' RFPs) *with* Ex. 4 (ET360 responses to Relators' RFPs).

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 governs motions to compel discovery. A party seeking discovery may move for an order to compel where "a party fails to produce documents or fails to

---

[7] In two responses, this language varies by a single grammatical mistake. *E.g.*, Ex. 3 at 16 (Response to Request 17 reads "Dissmiss" instead of "Dismiss"); *Id.* at 19 (Response to Request 20 reads "Defendant's" instead of "Defendants'").

respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). For purposes of Rule 37, an incomplete or evasive response is to be treated as a failure to respond at all. Fed. R. Civ. P. 37(a)(4).

The general rule is that parties in civil litigation are entitled to broad discovery. *Patrick v. Teays Valley Trustees, LLC*, 297 F.R.D. 248, 256 (N.D. W. Va. 2013), *aff'd sub nom. Patrick v. PHH Mortg. Corp.*, 298 F.R.D. 333 (N.D. W. Va. 2014). As a result, "the burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." *U.S. Dep't of Lab. v. Randolph Cnty. Sheltered Workshop, Inc.*, No. 2:16-CV-78, 2017 WL 10442120, at *1 (N.D. W. Va. Nov. 17, 2017); *see also Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins.*, No. 05–CV–41, 2006 WL 2715164, at *1, *5–6 (N.D. W. Va. Sept. 21, 2006) ("[T]he party resisting discovery has the burden of clarifying, explaining and supporting its objections."); *Allman v. CMFG Life Ins.*, No. 5:20CV220, 2021 WL 9666755, at *2 (N.D. W. Va. Sept. 10, 2021) ("The party opposing a motion to compel bears the burden of showing why it should not be granted." (quoting *Kinsale Ins. v. JDBC Holdings, Inc.*, No. 3:20-CV-8, 2021 WL 1554073, at *3 (N.D. W. Va. April 20, 2021))).

General or generic objections to discovery requests, often referred to as boilerplate objections, are not permitted in the Fourth Circuit. *See, e.g.*, *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D. W. Va. 2010) ("[G]eneral objections to discovery, without more, do not satisfy the burden of the responding party . . . to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291, 293 (N.D. W. Va. 2004) ("The mere recitation of the familiar litany that an interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant will not suffice."); *Mancia v. Mayflower Textile Svcs. Co.*, 253 F.R.D. 354, 359 (D. Md.

13

2008) (courts disapprove of a general objection asserted "to the extent" that it applies); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("'mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant' does not constitute a specific objection" (internal quotation marks omitted) (quoting *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996))). "Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections." *Mills v. East Gulf Coal Preparation Co.*, 259 F.R.D. 118, 132 (S.D. W. Va. 2009); *see also Smith v. Bayer Material Sci., LLC*, No. 5:12-CV-171, 2013 WL 3153467, at *1 (N.D. W. Va. June 19, 2013); *Mancia*, 253 F.R.D. at 364.

To meet its burden, the party resisting discovery must lodge objections with adequate specificity so that the basis for the objection is readily ascertainable. *See Smith*, 2013 WL 3153467, at *1. This requires the objecting party to establish a "particularized showing of how [each objection] appl[ies] to the individual interrogatory or request for production to which it is objecting." *Patrick*, 297 F.R.D. at 256. Merely restating a boilerplate objection does not render the objection adequately specific under the Federal Rules of Civil Procedure. *Mey v. Matrix Warranty Sols., Inc.*, No. 5:21CV62, 2022 WL 19978264, at *5 (N.D. W. Va. Nov. 1, 2022) (overruling objections to requests for documents which merely reword an improper boilerplate objection).

## ARGUMENT

The Court should strike the Alvarez and Henderson Defendants' objections and compel the Defendants to respond in full to Relators' RFPs.[8] Defendants continue to assert objections to

---

[8] Relators' motion is in regard to all RFPs and all Defendants, with the following exceptions: RFP Nos. 28, 30, 33, 34, and 36 as to the Henderson Defendants and RFP No. 37 as to both the Henderson and the Alvarez Defendants. Relator does not move as to those limited exceptions because, at least at this stage, the responses to those RFPs by the respective Defendants appear to be responsive. *See, e.g.*, Ex. 3 at 25 (ERG's response to Request No. 33, indicating that "Energy Resource Group does not possess any responsive documents because Energy Resource Group has not issued any litigation hold notification for this case.").

14

producing documents that have been explicitly and repeatedly rejected by orders of this Court. Furthermore, the Defendants' responses rely on repetitive use of impermissible boilerplate objections which wholly prevent Relators from determining what, if any, basis exists for Defendants' objections and what, if any, documents Defendants possess but are refusing to produce. Defendants' disregard for the Court's orders, paired with the use of essentially identical boilerplate responses to almost every RFP that are clearly impermissible under the rules, necessitates striking the objections and ordering fulsome production.

I.   **DEFENDANTS HAVE IMPROPERLY LIMITED PRODUCTION OF DOCUMENTS BASED ON ARGUMENTS THAT THIS COURT HAS ALREADY REJECTED.**

   a.   **DEFENDANTS DISREGARD THE COURT'S ORDER DENYING THE MOTION TO STAY DISCOVERY AND MOTION FOR PROTECTIVE ORDER BY REFUSING TO PRODUCE DOCUMENTS BASED ON THE PENDING MOTIONS TO DISMISS.**

Defendants' responses to Relators' RFPs ignore the clear order of this court finding that a pending motion to dismiss is not a valid basis to not produce discovery. Every Defendant has asserted throughout their responses that they are limiting the scope of discovery pending the Court's decision on their motions to dismiss. *See, e.g.*, Ex. 1 at 18 (repeated in response to thirty-five of the thirty-seven total requests); Ex. 2 at 2-3 (repeated in response to twenty-six of the thirty-seven total requests); Ex. 3 at 2-3 (repeated in response to twenty-six of the thirty-seven total requests); Ex. 4 at 2-3 (repeated in response to twenty-six of the thirty-seven total requests). The Alvarez Defendants go even further, asserting that they "will be prepared to amend and supplement their responses" but only "[o]nce the Court has ruled on the pending motions to dismiss." *E.g.*, Ex. 1 at 17 (repeated verbatim in response to every request except for Nos. 29, 31, and 37).

---

Though not moving to compel as to those RFPs, the Relators have serious concerns about the Henderson Defendants' responses, particularly those indicating that no litigation hold has ever been put in place in response to the Government's investigation or the unsealing and subsequent litigation of this matter.

The Court has already rejected these arguments. ECF No. 112 (denying the Henderson Defendants' motion for a stay of discovery and motion for a protective order). In fact, the opinion explicitly rejects this basis for withholding discoverable material: "[The Court] declines to grant the motion for a protective order and the motion to stay discovery simply because Defendants' motion to dismiss is pending." *Id.* at 5. And while the Defendants might continue to wish for a complete dismissal of the case, Magistrate Judge Aloi has noted that "a preliminary review of Plaintiffs' Amended Complaint [ECF No. 80] suggests that the allegations are stated with particularity and provide enough factual allegations that may survive a motion to dismiss." *Id.* at 4.

Importantly, the Court has explained that "[w]ithholding Plaintiffs' opportunity to gather discovery to help build their case in anticipation of an undecided ruling on a motion to dismiss is not constructive to this case's trajectory and progress." *Id.* By continuing to rely on their pending motions to dismiss as the basis for refusing to produce documents, Defendants are doing precisely what the Court sought to avoid: derailing this case's trajectory and delaying this case's progress. Asserting objections based on the pending motions after the Court rejected requests to limit discovery on the very same basis is particularly egregious.

The Court should therefore overrule the Defendants' objections based on their pending motions to dismiss and order Defendants to fully respond to Relators' RFPs.

      **b.**    **DEFENDANTS DISREGARD THE COURT'S PROTECTIVE ORDER BY REFUSING TO PRODUCE DOCUMENTS THAT MIGHT CONTAIN CONFIDENTIAL AND PROPRIETARY INFORMATION.**

A party's objection to a discovery request on the basis that the request may seek confidential or sensitive information lacks merit and may not justify a refusal to produce documents. *Fish v. Capouillez*, No. 5:13-CV-120, 2013 WL 12210103, at *2 (N.D. W. Va. Dec. 18, 2013). Instead, where a party is concerned about producing confidential or proprietary

information or documents, the solution is to ask the court to enter a protective order. *See Susko v. City of Weirton*, No. 5:09-CV-1, 2011 WL 98557 at *5 (N.D. W. Va. January 12, 2011).

In this case, the parties jointly requested, and the Court entered, the very solution the *Susko* court envisioned with regard to confidential and/or proprietary information:a protective order. *See* ECF No. 120. Critically, the protective order provides for an "attorney's eyes-only designation" for commercially or competitively sensitive materials. *Id.* at 4. Thus, any concerns about proprietary business information can be addressed through the appropriate confidentiality designation.

Despite the Protective Order, all Defendants still lodge objections to nearly every request propounded by Relators on the basis that the request seeks proprietary or confidential information. But, simply put, "information is not shielded from discovery on the sole basis that the information is confidential….". *Susko v. City of Weirton*, No. 5:09-CV-1, 2011 WL 98557 at *5 (N.D. W. Va. January 12, 2011). This is particularly so when a protective order is in place as one is here. Thus, by continuing to assert these confidentiality objections, Defendants ignore the Court's protective order and instead opt to unilaterally enter their own protective order based on unfounded confidentiality concerns.

The Court should therefore overrule the Defendants' objections that Relators' requests seek confidential and proprietary information.

## II. DEFENDANTS' RESPONSES TO RELATORS' RFPS ARE REPLETE WITH IMPROPER BOILERPLATE OBJECTIONS THAT THE COURT SHOULD OVERRULE AND DEEM WAIVED.

Each Defendant's litany of objections is repeated almost verbatim in every response and, in all those cut-and-paste responses, none contain any specifics about why a particular request is objectionable beyond repeated conclusory statements that they are. Defendants RFP responses are

textbook examples of the type of responses rejected by the Federal Rules because they lack the specificity required under the rules which makes it impossible to evaluate each response.

### a. DEFENDANTS' GENERIC OBJECTIONS IN RESPONSE TO INDIVIDUAL REQUESTS LACK ADEQUATE SPECIFICITY AND JUSTIFICATION.

"[G]eneral objections to discovery, without more, do not satisfy the burden of the responding party . . . to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits." *Hager*, 267 F.R.D. at 492; *see also PLX*, 220 F.R.D. at 293 ("The mere recitation of the familiar litany that an interrogatory or document production request is overly broad, burdensome, oppressive and irrelevant will not suffice."). Furthermore, this district has refused to consider a party's general objections to discovery requests when those objections are boilerplate in nature or only apply "to the extent" a request might trigger them. *Nesselrodte v. Underground Casino & Lounge, LLC*, No. 3:11-CV-92, 2012 WL 4378168, at *3 (N.D. W. Va. Sept. 25, 2012). This district has noted that such general objections are impermissible because they "(1) provide no guidance to the Court in resolving a discovery dispute; (2) frustrate the purpose of discovery; and (3) fail to comply with the specificity requirements of Fed. R. Civ. P. 33(b)." *Id.*

Here, Defendants appear to have largely just cut and pasted the same conclusory objections into every RFP response.[9] When every response is essentially the same it is clear that there is no specific showing about why each individual request is allegedly objectionable. Defendants' use of boilerplate and generic objections alone make it impossible for Relators, and for the Court, to determine whether documents are being withhold meritoriously.

---

[9] As if it were not obvious enough that the Defendants have simply copied and pasted the same objections from one response to another, there are instances in the Defendants' responses where they have forgotten to alter the request number referenced in the response. For example, in response to Request No. 35, the Alvarez Defendants refer repeatedly to Request for Production No. 32.

For example, the lack of support for the objections can be seen with regard to the numerous objections to the breadth of Relators' requests. Courts in this district have rejected overbreadth objections where the party fails to explain "why the request is overly broad in light of the claims and defenses asserted by the parties." *A.Hak Indus. Servs. BV v. TechCorr USA, LLC*, No. 3:11-CV-74, 2013 WL 5244507, at *5 (N.D. W. Va. Sept. 18, 2013).A party objecting to a discovery request on the grounds that it is overly broad must submit affidavits or other evidentiary proof showing exactly why the time or expense involved in responding to the request presents an undue burden. *See, e.g.*, *Alberts v. Wheeling Jesuit Univ.*, No. 5:09CV109, 2010 WL 1539852, at *8 (N.D. W. Va. Apr. 19, 2010).

The Henderson Defendants assert that several requests are "overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence." *E.g.*, Ex. 2 at 7; Ex. 3 at 7; Ex. 4 at 7. Similarly, the Alvarez Defendants claim that Relators' requests are various combinations of "overbroad," "unduly burdensome," "vague," "cumulative," "premature," and/or "neither relevant nor proportional to the needs of the case." *E.g.*, Ex. 1 at 31. Yet, throughout their responses, Defendants offer only naked objections, with no explanation of how the request is overbroad, vague, etc.

In the rare instances where the Defendants said anything more than the name of the objection, the purported explanation only highlights the lack of merit to the objections.

Take, for instance, the Alvarez Defendants' response to RFP No. 29, where the following "explanation" is offered for their overly burdensome objection: "This Request is overly burdensome as the deposition testimony of several individuals was referenced in Plaintiffs-Relators' Amended Complaint (ECF No. 80) and Plaintiffs Relators' Consolidated Response to Defendants' Motion to Dismiss (ECF No. 93) and therefore is already in Plaintiffs-Relators

possession." Ex. 1 at 68. But the fact that the response speculates Relators may have access to some of the documents that are responsive to this request has no bearing on the burden to the Alvarez Defendants in producing the requested documents. This objection is a red herring and a meritless basis for refusing to produce responsive documents.

"Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections." *Mills*, 259 F.R.D. at 132; *see also Smith*, 2013 WL 3153467, at *1; *Mancia*, 253 F.R.D. at 364. Defendants' boilerplate objections are impermissible under the Federal Rules of Civil Procedure and the precedent in this circuit. Defendants had the opportunity to lodge particularized and specific objections in response to Relators' RFPs. Their failure to do so renders those improper objections waived.

The Court should therefore determine the non-specific, unsupported objections to be waived, or otherwise overrule those objections.

### b. DEFENDANTS' PRIVILEGE OBJECTIONS LACK ADEQUATE SPECIFICITY AND VIOLATE FRCP 26 AND LOCAL RULE 26.

"[A] party asserting either attorney client privilege or the work product doctrine bears the burden of establishing its applicability." *Fid. Nat'l Title Ins. v. Barringer Land SC, LLC*, No. 2:13-CV-69, 2014 WL 12594207, at *1 (N.D. W. Va. Apr. 15, 2014) (quoting *Miller v. Pruneda*, No. 3:02–CV–42, 2004 WL 3951292 at *2 (N.D. W. Va. Nov. 5, 2004)); *see also State ex rel. U.S. Fid. & Guar. Co. v. Canady*, 460 S.E.2d 677, 684 (W. Va. 1995). Satisfying this burden requires the party asserting privilege to explain how the information sought is protected and to provide a privilege log for any documents or information withheld. *Mey*, 2022 WL 2177688, at *3.

All Defendants assert privilege objections both as general objections to Relators' requests, as well as objections to specific requests. However, Defendants never explain whether any claims of privilege actually apply to documents responsive to each request. Instead, they assert the

privilege objections "to the extent" the requests seek such information. *See, e.g.*, Ex. 1 at 3; Ex. 2 at 2; Ex. 3 at 2; Ex. 4 at 2. Such conditional objections permit neither Relators' counsel nor the Court to evaluate whether such privilege claims are legitimate.

Furthermore, neither the Alvarez Defendants nor the Henderson Defendants have provided a privilege log to relators, as required by FRCP 26 and Local Rule 26. Local Rule 26 requires that an attorney asserting privilege "must certify that he or she has reviewed each document for which a privilege is asserted," L.R. Civ. P. 26.04(a)(2)(i)(A), and must provide as part of the objection specific pieces of information for documents and communications over which the attorney is asserting privilege, L.R. Civ. P. 26.04(a)(2)(i)(B)(1) (for documents) and L.R. Civ. P. 26.04(a)(2)(i)(B)(2) (for communications). The Local Rules also indicate when this information must be provided to the opposing party:

> Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and when information is not provided on the basis of such an assertion, the information set forth herein in paragraph (a) shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court.

L.R. Civ. P. 26.04(a)(2)(iii)

Not only did the Defendants not provide the required information in writing at the time of the response, but they have also failed to provide the required information as of the filing of this motion and have offered no indication of when, if at all, they intend to provide such information. This district has found such a failure, coupled with the use of boilerplate objections, to "constitute[] a willful and intentional violation of the Local and Federal Rules of Civil Procedure." *Meade v. Schlumberger Tech. Corp.*, No. 2:13-CV-51, 2011 WL 11567475, at *4 (N.D. W. Va. Feb. 10, 2011) (striking boilerplate objections and deeming those same objections to be waived).

The Court should therefore overrule the Defendants' privilege objections.

**CONCLUSION**

For the foregoing reasons, the Court should enter an order striking the objections lodged by the Defendants and compelling the Defendants to respond in full to Relators' requests for production.

*/s/ Anthony J. Majestro*
Anthony J. Majestro, Esq. (WVSB #5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

William G. Powers (*pro hac vice*)
Andrew M. Miller (*pro hac vice*)
Baron & Budd, P.C.
The Watergate
600 New Hampshire Ave., NW, 10th Floor
Washington, DC  20037
Telephone:  202.333.4562
Facsimile:  202.337.1039
wpowers@baronbudd.com
amiller@baronbudd.com

*Counsel For Plaintiff-Relators*

**CERTIFICATE OF SERVICE**

I certify that on November 20, 2023, the foregoing Relators' Motion to Compel the Alvarez Defendants and the Henderson Defendants to Respond to Relators' First Set of Requests for Production Under FRCP 37(a)(3)(B)(iv) was filed electronically, that it is available for viewing and downloading from the ECF system, and that all counsel of record will be served by the ECF system.

*/s/ Anthony J. Majestro*