IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH SEIKEL and
TERENCE SEIKEL,

     Plaintiffs,

  v.                                    CRIMINAL NO. 1:23-CV-01
                                               (KLEEH)

DAVID B. ALVAREZ,
APPLIED CONSTRUCTION SOLUTIONS, INC.,
ENERGY TRANSPORTATION, LLC,
ENERGY RESOURCE GROUP, LLC,
ET360, LLC,
BEAR CONTRACTING, LLC,
BEAR UTILITIES, LLC,
JASON P. HENDERSON, and
JOHN DOES NOS. 1-50,

     Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTIONS TO DISMISS [ECF NOS. 87, 89]**

Pending before the Court are two motions to dismiss the amended complaint. For the reasons discussed herein, the motions are **GRANTED**.

**I.    PROCEDURAL BACKGROUND**

On October 22, 2020, Joseph Seikel and Terence Seikel (together, the "Seikels"), on behalf of the United States of America, initiated this qui tam action in the United States District Court for the Eastern District of Pennsylvania against Defendants David B. Alvarez, Applied Construction Solutions, Inc., Energy Transportation LLC, Energy Resource Group, LLC, ET360, LLC,

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTIONS TO DISMISS [ECF NOS. 87, 89]**

Jason P. Henderson, Bear Contracting, LLC, Bear Utilities, LLC, and John Does Nos. 1-50, Fictitious Names.

Defendants Jason P. Henderson, Energy Resource Group, LLC, and ET360 will herein be referred to as the "Henderson Defendants." Defendants David B. Alvarez, Applied Construction Solutions, Inc., and Energy Transportation, LLC will herein be referred to as the "Alvarez Defendants." Shortly after the complaint was filed, the Department of Justice began investigating the Seikels' claims. On November 9, 2022, the Alvarez Defendants filed a motion to transfer venue, which was granted. The case was then transferred to the Northern District of West Virginia.

On February 28, 2023, the Henderson Defendants and the Alvarez Defendants filed motions to dismiss. The parties then consented to the filing of an amended complaint. On April 4, 2023, the Seikels filed a motion for leave to file the amended complaint under seal. The Court denied that motion. The amended complaint was then filed, unsealed, on April 12, 2023, and asserts the following causes of action:

- (Count One) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(A);

- (Count Two) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(B);

- (Count Three) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(C); and

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTIONS TO DISMISS [ECF NOS. 87, 89]**

- (Count Four) Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(G).

On November 28, 2023, the Court unsealed the United States' notice of election to decline intervention, which had previously been filed under seal on April 7, 2023. Currently pending are two motions to dismiss the amended complaint: one by the Henderson Defendants and one by the Alvarez Defendants.[1] These groups together will be referred to as "Defendants." The Seikels, after obtaining leave of the Court, filed an omnibus response to the motions. Each group of defendants filed a reply.

## II. ALLEGATIONS IN THE AMENDED COMPLAINT

The Seikels allege that Defendants engaged in fraud in their applications for funds pursuant to the Paycheck Protection Program ("PPP").[2] Specifically, the Seikels state that with limited exceptions, only small businesses with 500 or fewer employees are eligible borrowers in the PPP. Am. Compl., ECF No. 80, at ¶ 4. They allege that Defendants are affiliated with one another, to the extent that they have a combined total of at least 764

---

[1] The Alvarez Defendants filed a memorandum in support but did not file an actual motion. The Court construes the memorandum [ECF No. 89] as a motion and accompanying memorandum.

[2] The PPP was created pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. It was intended to provide financial relief for small businesses during the COVID-19 pandemic.

employees. Id. ¶ 5. Still, Defendants individually applied for PPP loans, receiving a combined total of $13,849,170.00 from the federal government. Id.

Defendants, as the Seikels argue, provide services in the oil and gas industry and are all controlled and/or managed by Defendant David B. Alvarez. Id. ¶¶ 6, 7. Essentially, the Seikels argue that Defendants operated as one interconnected company. Id. ¶ 7. In support, Plaintiff cites information about the sharing of principle office addresses and mailing addresses. See, e.g., id. ¶¶ 77, 82, 86, 90, 95, 99. They also cite overlap between company leadership and organization. See, e.g., id. ¶¶ 78, 82, 86, 91, 95, 99, 103, 104-26. They allege that Defendants share resources, personnel, and finances and that they cross-sell their various services. See, e.g., id. ¶¶ 127-62. They further allege that Alvarez had plans to shutter one of the businesses at the time when he applied for the funds. Id. ¶ 167.

### III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007)

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTIONS TO DISMISS [ECF NOS. 87, 89]**

(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

**IV. DISCUSSION**

First, the Court finds that this action must be dismissed because it is subject to the public disclosure bar. Second, in the alternative, the action must be dismissed because the Seikels have failed to plead fraud with sufficient particularity.

MEMORANDUM OPINION AND ORDER
GRANTING MOTIONS TO DISMISS [ECF NOS. 87, 89]

### A. The action must be dismissed pursuant to the public disclosure bar.

Defendants first argue that the Court should dismiss the amended complaint for lack of subject matter jurisdiction because the Seikels are not qualified to bring this qui tam action as relators under the False Claims Act ("FCA"). They argue that the public disclosure bar mandates dismissal because the allegations in the amended complaint have been publicly disclosed, and the Seikels are not original sources or insiders. The Court agrees that the action must be dismissed.

The FCA "imposes civil liability on any person who 'knowingly presents, or causes to be presented, [to the United States government] a false or fraudulent claim for payment or approval' or 'knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.'" United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (citing 31 U.S.C. § 3729(a)). It authorizes a private person to bring a claim for a violation of Section 3729 on behalf of that person and the United States. See 31 U.S.C. § 3730(b). In what is known as the "public disclosure bar," however, the FCA provides certain limitations:

> (4)(A) The court shall dismiss an action or claim under this section, unless opposed by

> the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed —
>
> (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
>
> (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
>
> (iii) from the news media,
>
> unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
>
> (B) For purposes of this paragraph, "original source" means an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

Id. § 3730(e)(4). "Once a defendant files a motion to dismiss based on the public-disclosure bar, the relator bears the burden of proving by a preponderance of the evidence that the bar does not apply." United States ex rel. Ahumada v. NISH, 756 F.3d 268, 274 (4th Cir. 2014) (citation omitted).

The public disclosure bar was previously a jurisdictional bar. See 31 U.S.C. § 3730(e)(4)(A) (1994) ("No court shall have

jurisdiction over an action under this section based upon the public disclosure of allegations or transactions . . . ."). In 2010, Congress amended the statute and eliminated the jurisdiction-removing language, making the public disclosure bar "a grounds for dismissal — effectively, an affirmative defense — rather than a jurisdictional bar." United States ex rel. Beauchamp v. Academi Training Ctr., 816 F.3d 37, 40 (4th Cir. 2016). Accordingly, the Court is guided in its analysis by Rule 12(b)(6) as opposed to Rule 12(b)(1).

In analyzing whether the public disclosure bar should apply, the Court assesses "(1) if there was a public disclosure, (2) if the relator's allegations were 'based upon' the public disclosure, and, if so, (3) whether the relator is nonetheless 'entitled to original source status' as 'an individual who has direct and independent knowledge of the information on which the allegations . . . are based[.]" United States ex rel. Black v. Health & Hosp. Corp. of Marion Cty., 494 F. App'x 285, 293 (4th Cir. 2012) (citations omitted). Importantly, "[t]he public disclosure bar 'encompasses actions even partly based upon prior public disclosures.'" United States ex rel. Jones v. Collegiate Funding Servs., Inc., 469 F. App'x 244, 254 (4th Cir. 2012) (citation omitted). "Courts have unanimously construed the term 'public disclosure' to include websites and online articles" and

have construed "news media" to include newspapers and publicly available websites. <u>Beauchamp</u>, 816 F.3d at 43 n.6 (citations omitted). For a relator to be entitled to original source status, he must "allege specific facts — as opposed to mere conclusions — showing exactly how and when" he obtained the information. <u>Ahumada</u>, 756 F.3d at 276 (citation omitted).

Here, prior public disclosures form the basis of the Seikels' allegations, at least in part. The Seikels allege that Defendants are affiliated with one another and unlawfully applied, individually, for PPP loans. In support of this allegation, the Seikels rely upon facts that were already available in public sources. For example, they cite to and rely upon the addresses, ownership, and management of Defendants, much of which is publicly available on the West Virginia Secretary of State ("WVSOS") website. <u>See</u> Am. Compl., ECF No. 80, at ¶¶ 27, 29, 31, 33, 35, 36, 37, 77, 78, 82, 86, 90, 91, 95, 99, 103, 104-26. On the WVSOS website, the public can research domestic business organizations and learn each business's office address, mailing address, members, owners, organization year, and purpose. <u>See</u> SECRETARY OF STATE MAC WARNER, https://sos.wv.gov/Pages/default.aspx (last visited March 27, 2024). The Seikels' reliance on these facts is expressly stated in the amended complaint: "The affiliation between and among the Defendants is evidenced by how the entities

were originally formed: by the same individuals, and at many of the same addresses." Am. Comp., ECF No. 80, at ¶ 74.

In addition, the public has access to information about who applied for and received PPP loans. On a public website, anyone can learn the location of an organization that applied for a loan, the organization's industry, the lender of the loan, the date the loan was approved, the loan amount, and the loan status. See Tracking PPP: Search Every Company Approved for Federal Loans, PROPUBLICA, https://projects.propublica.org/coronavirus/bailouts/ (last visited March 27, 2024). Further, the Seikels cite to and rely upon Defendants' website and marketing materials. See Am. Compl., ECF No. 80, at ¶¶ 74, 120. The Seikels' reliance on publicly available information, even if it only forms part of their claims, triggers application of the public disclosure bar. See Jones, 469 F. App'x at 254 ("The public disclosure bar 'encompasses actions even partly based upon prior public disclosures.'"). Thus, there were public disclosures forming the basis of the Seikels' allegations, at least in part.

Additionally, the Seikels are not "nonetheless entitled to original source status." Black, 494 F. App'x at 293 (quotation marks omitted). "In order to achieve original source status, [the Seikels] must prove beyond a preponderance of the evidence that [they] ha[ve] 'direct and independent knowledge of the information

on which [the] allegations are based and ha[ve] voluntarily provided the information to the Government[.]" Id. at 295. "A relator's knowledge is 'direct' if 'he acquired it through his own efforts, without an intervening agency,' and it is 'independent' if 'the knowledge is not dependent on public disclosure.'" Id. at 295-96 (citation omitted). Again, for a relator to be entitled to original source status, he must "allege specific facts — as opposed to mere conclusions — showing exactly how and when" he obtained the information. Ahumada, 756 F.3d at 276 (citation omitted).

Here, the Seikels have not met their burden to prove that they are entitled to original source status. The amended complaint does not set forth specific facts detailing how and when all of the information forming the basis of the allegations was obtained. Even if it did, the information does not "materially add[]" to the information available in public sources. See 31 U.S.C. § 3730(e)(4)(B). Accordingly, the Seikels are not entitled to original source status. After weighing the appropriate factors, it is clear to the Court that the public disclosure bar applies. Accordingly, Defendants' motions to dismiss are **GRANTED** on this basis.

**B.   In the alternative, the action must be dismissed because the Seikels have failed to plead fraud with sufficient particularity.**

Defendants argue that even if the case is not dismissed pursuant to the public disclosure bar, it should be dismissed because the Seikels have failed to plead fraud with particularity. The Court agrees.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b), a plaintiff asserting a claim under the [FCA] 'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained.'" <u>United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.</u>, 707 F.3d 451, 456–57 (4th Cir. 2013) (citation omitted).

Here, the amended complaint does not state the date on which each PPP application was submitted, much less the time. The amended complaint fails to plead fraud with sufficient particularity, and Defendants' motions to dismiss are additionally **GRANTED** for this reason.

### C. The Seikels' request for leave to amend the amended complaint is denied.

Defendants have asked the Court not to allow the Seikels to amend their complaint again. The Seikels request, in their response, another opportunity to amend.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court should "freely grant leave when justice so requires." Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Sciolino v. Newport News, 480 F.3d 642, 651 (4th Cir. 2007).

This action was initiated in 2020. In Defendants' motions to dismiss the original complaint, they raised the same issues with respect to the public disclosure bar and the failure to plead fraud with particularity. The Seikels have already had an opportunity to rectify any perceived pleading deficiencies on these issues. Further, this Court's local rules provide that "[a]ny party filing a motion to amend a pleading that requires leave of court to file shall attach to that motion a signed copy of the proposed amended pleading." LR Civ P 15.01. Accordingly, the Seikels' request to amend is not properly raised, and regardless, it would be prejudicial to Defendants to allow the Seikels to amend their

complaint another time.  Justice does not require leave to amend in this instance, and the request to amend is **DENIED**.

## V. CONCLUSION

For the reasons discussed above, the motions to dismiss are **GRANTED** [ECF Nos. 87, 89].  This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.  The Clerk shall **TERMINATE** the pending motion to compel [ECF No. 142].

It is so **ORDERED**.

The Clerk is **DIRECTED** to enter a separate judgment order and to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 27, 2024

*Tom S Kleeh*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA